JACKSON S. SCHULTZ et al., Respondents, *v.* EDSON BRADLEY, Appellant.

A valid executory contract for the sale and delivery of a specific quantity of merchandise cannot be altered by a parol agreement increasing the quantity to be delivered, and so engraft it on the original contract as to escape or evade the rule prescribed by the statute of frauds.

(Argued June 14, 1873; decided January term, 1874.)

THIS action was brought for an alleged breach of contract.

On the 30th December, 1864, the parties entered into a contract by which plaintiffs agreed to sell and defendant to purchase 10,000 sides of oak-waxed leather at twenty-eight cents per foot, to be of a specified quality and to be delivered at specified times. Memoranda of the agreement, in the form of bought and sold notes, were made by the parties. After about 3,000 sides were delivered, and in the forepart of January, 1865, it was agreed between the parties, by parol, that the number of sides of leather to be delivered under the contract should be increased to 15,000, all to be delivered before April fifteenth. A memorandum of this increase was indorsed by plaintiffs upon the bought and sold notes, in the presence of defendant, which was signed by the former, not by the latter. After this modification the plaintiffs continued to deliver until February 24, 1865, up to which time they had delivered 6,365 sides, which were accepted and nearly paid for; at which time, some difficulty having arisen between the parties as to the quality of the leather, further deliveries were suspended. On the 29th March, 1865, a new verbal arrangement was entered into between the parties, by which it was agreed that the whole number of sides to be delivered should be 12,000. The limitations as to time of delivery were waived. At the time of this agreement plaintiffs had leather on hand sufficient to make up, with what had been delivered, the 12,000 sides. They proposed that defendant should then examine so as to put an end to all questions as to quality, but defendant declined to make an examination and told plaintiffs to go on and deliver. Plaintiffs, thereupon, proceeded to deliver, and on the 8th April, 1865, had delivered the residue, i. e., 5,635 sides. On the twenty-ninth April defendant peremptorily rejected the whole of the leather so delivered, for the alleged reason that it was of inferior quality, and requested plaintiffs to take it away. The parties adjusted all differences as to leather delivered before March twenty-ninth. In answer to the letter of defendant rejecting the leather plaintiffs wrote: "We do not and cannot admit the position you take, but by your request we will send and take

the leather away," which they did; and after re-examination, and on the twenty-ninth April, offered to return it to defendant, claiming it to be of the quality required by the contract. Defendant refused to receive it. The trial court assumed the validity of the different contracts, and that the only question on the merits was as to the quality of the leather; upon this the evidence was conflicting. The jury rendered a verdict in favor of plaintiffs, thus deciding this question in their favor. *Held*, that the verbal agreements modifying the original contract were void under the statute of frauds; also (EARL and JOHNSON, CC., dissenting), that the delivery and acceptance, after the first modification, must be assumed to have been under the original contract, and so did not take the verbal contract out of the operation of the statute; that the delivery of the last lot, after the 29th March, 1865, was under the verbal contract of that date; that such delivery was subject to defendant's right of examination and rejection within a reasonable time; and whether he was right or wrong in the quality of the leather, he was not bound to accept and pay for it; but if defendant could be required to accept sufficient to make up the 10,000 sides originally contracted for, the verdict and judgment allowing damages for the additional 2,000 was error.

REYNOLDS and GRAY, CC., also held that the letter of the plaintiffs offering to receive back the leather was an abandonment of the last agreement, and that they could not thereafter revive it without defendant's consent. (*Lord* v. *Kenny*, 13 J. R., 219; *Healy* v. *Utly*, 1 Cow., 345; *Mallory* v. *Lord*, 29 Barb., 454.)

Upon this ground EARL and JOHNSON, CC., *held*, that the only and the greatest effect that could be given to the act of the plaintiffs in receiving the leather back was that it nullified the previous delivery, leaving the contract still in force for the 15,000 sides, which was made valid by part performance, if not for the 12,000 sides, and that plaintiffs had the right thereafter to retender the same leather or to tender other leather; and having made such retender defendant was in default and plaintiffs had their right of action for damages.

*Alvin C. Bradley* for the appellant.

*Wm. M. Evarts* for the respondents.

REYNOLDS, C., reads for reversal and new trial; LOTT, Ch. C., and GRAY, C., concur.

EARL, C., reads for affirmance; JOHNSON, C., concurs.

LOTT, Ch. C., for reversal, on ground that the written contract could not be enlarged by an oral agreement, and that there was no acceptance of leather under the oral agreements.

Judgment reversed; EARL and JOHNSON, CC., dissenting.