Atlee and another vs. Bartholomew and another.

Atlee and another, Appellants, vs. Bartholomew and another, Respondents.

*April 12 — June 1, 1887.*

Contract, *validity under statute of frauds: Oral modification: Parol evidence to vary: Principal and agent: Vendor and vendee.*

1. Under the provision of the statute of frauds requiring a contract for the sale of lands to be in writing, one who makes a written offer to sell land at a fixed price, limiting the time for its acceptance by the vendee, is not bound unless the offer be accepted within the time limited. An oral agreement extending that time creates a new contract, not evidenced by writing, and therefore void.

2. In an action against a vendor to recover damages for the non-conveyance of land, evidence is not admissible to show an oral modification of his written offer to sell so as to extend the time limited for its acceptance, and that it was accepted within the extended time.

3. A principal is not bound by a contract made in his name by a person claiming to be his agent, unless such person had, at the time of making it, power to bind him and did bind him; nor can such principal, if he was not then bound, afterwards affirm the contract so far as to bind the other party without his assent.

APPEAL from the Circuit Court for *Clark* County. The case is sufficiently stated in the opinion.

For the appellants there was a brief by *Ring & You-mans*, attorneys, and *Pinney & Sanborn*, of counsel, and oral argument by *A. L. Sanborn*. Among other things, they argued that the time limited by a contract within the statute of frauds for its performance may be extended by parol, citing *Erwin v. Saunders*, 1 Cow. 249; *Bacon v. Cobb*, 45 Ill. 47, 56; 2 Reed on Statute of Frauds, sec. 445, and cases there cited. A verbal acceptance of a written offer to sell lands takes the case out of the statute of frauds. Browne on Stat. of Frauds, sec. 345*a;* 1 Reed on Stat. of Frauds, 367; Benjamin on Sales, sec. 254 and cases cited; *Lowber v. Connit*, 36 Wis. 176; *Lang v. McLaughlin*, 14 Minn. 72; *Tripp v. Bishop*, 56 Pa. St. 424; *Justice v. Lang*, 42 N. Y. 493; *Sanborn v. Flagler*, 9 Allen, 474; *Williams v. Robinson*, 73 Me. 186; *Ives v. Hazard*, 4 R. I. 413.

For the respondents there was a brief by *MacBride & Grow*, and oral argument by *R. J. MacBride*. They contended that defendants were not bound by the acceptance of their offer, because not made by a person having authority, nor within the time limited by the offer, citing numerous authorities.

TAYLOR, J. This action was brought to recover damages for an alleged breach of contract to convey lands to the plaintiffs which they allege they had purchased from the defendants. On the trial the court ordered the plaintiffs to be nonsuited, and from the judgment in favor of the defendants the plaintiffs appealed to this court.

The only question in the case is whether the evidence introduced by the plaintiffs showed a valid contract with the defendants for the purchase of the lands described in the complaint. It is admitted that there was no formal contract in writing between the parties, but, on the part of the appellants, it is insisted that the correspondence between the parties shows an existing and binding contract

for the purchase and sale of the lands in question. For the purposes of this appeal it may be admitted that the evidence shows that the defendants were, previous to January 30, 1884, and down to October 8, 1885, the owners of the lands in controversy, and that all of the said lands were situate in township 23 N. of range 1 E.

The evidence relied upon by the plaintiffs to prove the contract is, first, a letter purporting to be written and signed by the defendants, bearing date at Vannessa, Ontario, January 30, 1884. The following is a copy of the letter after the date:

"*S. & J. C. Atlee, Fort Madison, Iowa* — GENTS: Yours of 26th to hand, asking us to name price on our lands in 23, 1 E. We do not care to dispose of it in small lots. We herewith enclose you a list of our lands in 23, 1 E. Will sell all or none, as we have had quite a number of applicants. We are open to sell if price suits. Will you make us an offer for the whole? If so, please state price, and terms easy. Yours respy.,

"J. A. & H. BARTHOLOMEW."

The list of lands referred to in this letter was produced on the trial by the plaintiffs. No further written communications were had between the parties until October 8, 1885, when the following telegram was written and sent:

"LA CROSSE, October 8, 1885.

"*J. A. Bartholomew:* What is your lowest cash price for all the pine land?

[Signed] "R. FAHEY, Agt. for S. & J. Atlee."

The evidence shows that this telegram was received by the defendants at Neillsville, in this state, on the same day, and was immediately answered by a telegram written by *J. A. Bartholomew* as follows:

"NEILLSVILLE, WIS., October 8, 1885.

"*R. Fahey:* Twenty-three thousand five hundred dollars. Must know by 2:30 to-day.

[Signed] "J. A. BARTHOLOMEW."

The above are all the written communications between the parties.

The proof shows that Fahey received the telegram of *J. A. Bartholomew* at La Crosse about 2 o'clock P. M. After the receipt of this telegram by Fahey at La Crosse, he communicated with the defendants by telephone, and asked further time, and there is evidence tending to show that the defendants extended the time by telephone to 4 o'clock P. M., same day. And at 3:45 P. M., same day, Fahey telephoned from La Crosse to the defendants at Neillsville as follows: "The *Atlees* accept your proposition, and will take the pine land at the price offered, twenty-three thousand five hundred dollars."

The learned circuit judge, in deciding the case, says "that the testimony, taken together, does not make a contract, and that, if everything else was proved, the plaintiffs have failed because their alleged acceptance was not in writing but by parol, and that the contract, and the whole contract, must be in writing."

After a careful reading of the evidence in the case, we are satisfied that the learned circuit judge was right in holding that the evidence was not sufficient to sustain the plaintiffs' action. In the first place, we think there are grave doubts whether the correspondence, which it is alleged constitutes the contract between the parties, sufficiently describes the lands purchased. It is true, the evidence shows that in January, 1884, the defendants sent the plaintiffs a list of lands owned by them in a certain township in this state, and there is a strong presumption that the further correspondence relates to the lands described in such list. But this list was sent more than eighteen months before the inquiry was made by the plaintiffs in regard to the price at which the defendants would sell their lands. And the inquiry then was as to the price of *all the pine land.* The list furnished eighteen months before does not describe the lands as pine lands, and it must

be shown, therefore, by parol evidence, either that the words in the inquiry referred to the list furnished before, or the words "all the pine lands" might mean all such lands then owned by the defendants in the state, county, or township mentioned in said list. Had the parol evidence clearly established the fact that only a small part of the several tracts described in the list sent by defendants to plaintiffs were pine lands, could the plaintiffs have compelled the defendants to convey all of said tracts, were it admitted that the contract was sufficient in the law to bind the parties? We think it doubtful whether a purchase of all the pine lands owned by the defendants, without other description, would cover any lands which are not in fact pine lands, and that it would be incompetent to show by parol that the contract was intended to cover all the lands owned by the defendants.

We are not, however, disposed to place our decision in this case upon the want of a sufficient description of the property, about which there were negotiations. We think the plaintiffs entirely fail to show that Fahey, who accepted the offer made by the defendants, had any authority to accept such offer on their behalf when he so accepted it. It will be noticed that neither of the plaintiffs appeared as witnesses in their own behalf to prove the authority of Fahey, and the evidence of Fahey himself is of too vague and unsatisfactory a nature to justify a court or jury in holding that he had authority to bind his principals by a purchase of this magnitude. It is also to be noticed that the only written communication between the plaintiffs and Fahey about this purchase very clearly indicates that they had given him no power to bind them by any definite agreement without first consulting with them about its terms. The written communication referred to was contained in a letter written by the plaintiffs to Fahey probably on the 8th of October, 1885, and was not received by him until after he

claims to have bound them by his contract with the defendants. In this letter they say: "When you were here, nothing was said about terms or time, and we wired you to take the timber if terms and time could be made satisfactory. If we buy, the title must be looked after, as a tax title will hold the stumpage. If we buy, we want to know all about the land. In case of trade, I will come up. Will look for a telegram from you to-morrow." The evidence shows that this letter was written in regard to the proposed purchase of the lands in question. This certainly does not look like giving Fahey authority to purchase the lands for cash down, and without any investigation as to defendants' title.

Had the purchase claimed to have been made by Fahey turned out to be a bad one for the plaintiffs, we think the defendants would have failed in holding the plaintiffs to the contract made by Fahey. The rule is well established that, in order to hold the defendants to their contract, the plaintiffs must also be bound by the same contract. *Dodge v. Hopkins*, 14 Wis. 630, 637–641; *Townsend v. Corning*, 23 Wend. 435, 444. It must be remembered that this is an action at law to recover damages for the alleged breach of contract, and it is clear that in all such cases the contract must bind both parties. Under the evidence in this case, it seems clear to us that the plaintiffs have not bound themselves to the defendants to pay them $23,500, or any other sum, as the consideration for the defendants' promise, if they have made one, to convey certain described lands to the plaintiffs. Fahey, claiming to be the agent of the plaintiffs, has promised on their behalf to pay it; but, if he had no authority at the time he made the promise to bind the plaintiffs as their agent, they are not bound, and so the defendants are not bound. Their promise is void for want of mutuality or consideration to sustain it. If the plaintiffs were not bound by the promise of Fahey when he made it, then the contract is void as to the plaintiffs, and the subse-

quent acts of the plaintiffs affirming the authority of their agent cannot validate the contract so as to bind the defendants without their assent. This seems to have been the doctrine clearly stated by the decision of this court in *Dodge v. Hopkins*, and of the supreme court of New York in *Townsend v. Corning, supra.* In *Lowber v. Connit*, 36 Wis. 183, this court again say, speaking of a vendee in a contract for the purchase of land who has not signed the written contract: "He ought not to be in a position where he can hold the other party to the contract, and compel its performance if advantageous to him, and at the same time be at liberty to avoid the contract on his part if disadvantageous. Both parties ought to be bound by the contract, or neither should be bound." This seems to be a most just rule; and where the plaintiffs were not bound by the contract when it was entered into by one claiming to be their agent, but who in fact was not such agent and had no power to bind them, they cannot afterwards, when they find the contract is advantageous to them, affirm the contract made on their behalf by such unauthorized person, and compel the other party to perform it on his part.

We are also of the opinion that there is another fatal objection to the recovery of the plaintiffs in this action. The evidence clearly shows that there never was any written agreement made by the defendants to convey the lands to the plaintiffs, which was accepted by them or by their supposed agent. If the telegrams set out in the case, aided by the other evidence in the case, sufficiently describe the lands to which they relate so as to satisfy the statute, then we have this case: The defendants made an offer in writing to sell the lands to the plaintiffs for a specified sum of money, and limited the time within which such offer must be accepted by the plaintiffs to a certain fixed time in the future. The evidence is conclusive that the offer was not accepted within the time fixed. If there were nothing more in the

case, it is clear that an acceptance of the offer after the time limited for that purpose would not make a contract; and if, in the mean time, the defendants had sold the lands to other parties, such parties would have attained a perfect title, although they had full knowledge of the offer made to the plaintiffs. An acceptance, after the time limited in the offer, will not bind the person making the offer, unless he assents to the acceptance so made after it is made. *McCulloch v. Eagle Ins. Co.* 1 Pick. 278; *Larmon v. Jordan,* 56 Ill. 204; *B. & M. R. Co. v. Bartlett,* 3 Cush. 224; *Adams v. Lindsell,* 1 Barn. & Ald. 683; *Eliason v. Henshaw,* 4 Wheat. 225. But it is insisted that there was evidence that the time for the acceptance was extended by parol after the written offer was made, and that the acceptance was within the time so extended. The evidence of such extension of time to accept the offer is not very satisfactory; but, if the plaintiffs' rights depended upon that as a question of fact, they were probably entitled to have that question passed upon as a question of fact by the jury. In determining this case, we must therefore treat the case as though the fact of the extension of the time for accepting the offer was extended by parol.

Where the law requires a contract to be in writing in order to bind the parties, and the writing signed and produced in evidence shows that the contract signed by the party who is to be bound by it is to be completed by an acceptance of the other party within a limited time, it is incompetent to show by parol evidence that the time for its completion, by such acceptance, was extended to some other date not mentioned in the contract signed by the party to be bound. The acceptance of the party after the time fixed in the written contract, which is to bind the party signing it, does not show that the contract in writing was the contract between the parties, but an entirely different contract, and so the contract actually made by an accept-

Atlee and another vs. Bartholomew and another.

ance, after the time fixed in the writing, is a contract not in writing, and so void under the statute. This is not a case of extending the time for the performance of a valid contract, already entered into by the parties, either by a new agreement by parol or in writing, but the question is whether the proof shows that the plaintiffs accepted the proposition of the defendants in writing, by which they seek to bind the defendants. And the evidence clearly shows that that proposition was not accepted as made, and so there is no written contract proved which can bind them.

Admitting that the proofs show a written promise signed by the defendants to sell the lands to the plaintiffs on condition that the plaintiffs accepted it within a limited time, and the plaintiffs now seek to hold the defendants liable upon a written promise to sell if accepted at another time than that stated in the writing, the contract sought to be established by the plaintiffs is clearly not in writing, and is therefore void under the statute. Had the plaintiffs accepted the offer as made within the time limited, and it was held that the lands were sufficiently described, and that the person accepting for them was authorized to do so, and they had then sought to establish by parol that the time for performing on their part had been extended by a parol agreement, a different question would be presented. Even in that case we think the weight of the authorities holds that, when the original contract must be in writing in order to bind the parties, no extension of the time of performance by parol would be admissible to vary the original contract. *Abell v. Munson*, 18 Mich. 306; *Cook v. Bell*, 18 Mich. 387, and other cases cited in respondents' brief. But, as that question is not in this case, we do not deem it necessary to consider it.

We think the learned circuit judge was right in holding that the evidence did not show any valid contract for the sale of said lands to the plaintiffs, although he was probably wrong in holding that it was necessary that the acceptance

·of defendants' offer should be in writing in order to bind
them. ·

*By the Court.*— The judgment of the circuit court is af-
firmed.