[No. 11590.   Department One. — June 30, 1887.]

JOHN M. WARD, APPELLANT, *v.* JULIUS C. MAT-
THEWS, RESPONDENT.

CONTRACT FOR SALE OF LAND — PAROL AGREEMENT TO ADVANCE PURCHASE
    PRICE — TRUST. — In May, 1880, the land in controversy belonged to
    the Central Pacific Railroad Company, and at that time the defendant
    applied to the company for permission to purchase the same.   In June,
    1881, the company recognized the right of the defendant to purchase, and
    entered into an agreement with him, that, upon the payment by him of
    a specified sum, it would execute to him a contract for the sale of the
    land.   By the terms of the contract, the defendant would have five years
    from the 8th of July, 1881, in which to pay the purchase price.   On the
    5th of July, 1881, the plaintiff paid the first installment of the purchase
    price to the company, for the benefit of the defendant, in pursuance of a
    verbal agreement between them that the contract of sale should be taken
    in the name of the plaintiff, to be held by him as security for the repay-
    ment by the defendant of the amount so advanced within one year.   The
    contract of sale was accordingly made to the plaintiff, but before the ex-
    piration of the year, the plaintiff extended the time of repayment six
    months.   Before the expiration of the six months, the plaintiff volun-
    tarily, and without the knowledge of the defendant, paid the company
    the balance of the purchase price, and took a conveyance of the land in
    his own name.   The plaintiff never demanded payment by the defendant
    of the amount so advanced, and has refused to make any statement of
    the amount due him.   The defendant has at all times been ready and
    willing to repay the amount of the advance, but the plaintiff has refused
    to accept the same.   *Held,* that the plaintiff held the land in trust for
    the defendant, and should be compelled to convey the same to him upon
    the payment of the amount advanced.
ID. — STATUTE OF FRAUDS — CONTRACT TO BE PERFORMED WITHIN YEAR. —
    *Held further,* that the contract between the plaintiff and the defendant
    was not void under the statute of frauds, as it was originally to have
    been performed within one year, and its subsequent extension for six
    months took place before the expiration of the year, and after that time
    was not of the essence of the contract.

APPEAL from an order of the Superior Court of Butte
County refusing a new trial, and from an order refusing
to enter judgment for the plaintiff.

The facts are stated in the opinion.

*L. C. Granger,* and *J. W. Turner,* for Appellant.

*H. V. Reardan,* for Respondent.

FOOTE, C.— This appeal is from an order denying plaintiff a new trial, and from an order made after final judgment, denying his motion for judgment as prayed for in his complaint.

The action was brought by the plaintiff for the recovery of the possession of a certain tract of land, and damages for its detention. The defendant answered, denying all the allegations of the complaint, and setting up facts which went to show him entitled in equity to the title and possession of the land in controversy, which title he claimed the plaintiff held merely in trust for him. The findings of fact were as follows:—

1. That in May, 1880, the land described in the pleadings herein was the property of the Central Pacific Railroad, and that at said time the defendant made application to said company to be permitted to purchase the same.

2. That in June, 1881, the said company recognized the right of the defendant to purchase said land, and at that time agreed with said defendant that, upon the payment by said defendant to it of the sum of $225.28, on or before the eighth day of July, 1881, it, the said company, would execute to said defendant a contract of sale of said land.

3. That by the terms of said contract, the said defendant would have five years from and after the eighth day of July, 1881, in which to make payment of the balance of the purchase price of said land, upon the payment annually in advance of the interest on the deferred payment.

4. That on or about the fifth day of July, 1881, the said plaintiff paid said railroad company, for the use and benefit of said defendant, the said sum of $225.28, and at that time it was verbally agreed by and between said plaintiff and defendant that the contract of sale should be taken in the name of said plaintiff, to be held by him as security for the repayment to him by said de-

fendant of the said sum of $225.28, with interest thereon at the rate of one and one fourth per cent per month; and it was also agreed between said parties that said sum, with the accrued interest, should be repaid in one year.

5. That the contract of sale of said land was made to said plaintiff by said railroad company.

6. That before the expiration of the year in which payment of the said sum of $225.28, with accrued interest, was to be made, the plaintiff, at the request of the defendant, extended said time of payment six months.

7. That before the expiration of the six months, and in the month of July, 1882, and before the expiration of the five years specified in the contract of sale, the said plaintiff advanced and paid to the said railroad company the sum of $703, being the balance of the purchase price of said land, and received from said railroad company a deed for said land on the eighth day of August, 1882.

8. That the payment by said plaintiff of said sum of $703 was made without the knowledge of the defendant, and was a voluntary payment on the part of said plaintiff.

9. That said plaintiff never demanded payment of either the sum of $225.28 or $703, or both, from the defendant.

10. That the plaintiff never presented to defendant a statement of the amount due from him on the advance as made by plaintiff.

11. That defendant has at all times been ready and willing to repay to said plaintiff the amount due, when ascertained, but said plaintiff has declined and refused to make any statement or accept payment.

12. That in May, 1880, said defendant entered upon said land, and made improvements thereon, and has ever since resided upon said land, and has continued to improve the same, and said improvements were made with the knowledge, consent, and encouragement of said plaintiff.

13. That plaintiff did not purchase from said defendant his rights under the contract of sale with the railroad company.

We think that they were within the issues as made by the pleadings; that they are sustained by the evidence in the record, and are sufficient to uphold the judgment.

A similar trust to this was enforced by this court in the case of *Walton* v. *Karnes*, 67 Cal. 255.

The trial court did not attempt to reform any contract made between the parties; it simply undertook and did determine from all the evidence given upon both sides what the contract actually was, as both parties to the record had diverse views as to that matter. Although an agreement existed to reduce the contract to writing, for the protection of the defendant, yet the fact that it was never done did not have the effect of rendering the contract void, since in the first instance it was to have been performed within one year; and secondly, since its extension for six months longer took place prior to the expiration of that year first agreed upon, and after that, time was not of the essence of the contract between the parties, as the plaintiff, before the time fixed for its performance, advanced the largest portion of the purchase-money for the lands without the knowledge of the defendant, and never afforded him an opportunity to pay the money he owed, either by a demand for its payment or any statement as to its amount when it was asked for by the defendant, and refused to accept payment when the defendant was willing to make it.

According to the judgment rendered, if the plaintiff had received the money which was tendered him by the defendant, he would have been reimbursed principal and interest, for all that he had paid out for the land in dispute for and on account of the defendant. He refused to accept the money thus tendered him, and which was all to which he was equitably entitled, and sought upon motion after judgment to have judgment rendered in

his favor, as prayed for in his complaint. This the court denied, upon the ground that he had refused to accept the money tendered him on the day and in the exact amount ordered by the judgment or decree. And the plaintiff cannot complain, for, if his appeal here shall not be successful, it will still be incumbent on the defendant to tender to and deposit the money with the commissioner named in the decree, before he can obtain a deed to the land, which will divest the plaintiff's title thereto.

We do not perceive anything in the affidavits presented on the motion for a new trial affecting the result of this controversy which due diligence might not have enabled the plaintiff to have presented on the trial, nor do we think such evidence would have changed the result.

There is no prejudicial error shown by the record, and the judgment and orders should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, judgment and orders affirmed.