## LAWYER v. POST et al.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1901.

No. 673.

**1. SPECIFIC PERFORMANCE—PERSON ENTITLED TO MAINTAIN SUIT—REAL PARTY IN INTEREST.**

A real-estate broker, who takes an option for the purchase of property in his own name, but in reality for the benefit of a customer, to whom he demands its conveyance, having himself no interest in the contract beyond a contingent commission in case the sale is made, cannot maintain a suit for the specific enforcement of the contract, under Rev. St. Idaho, § 4090, which provides that every action must be prosecuted in the name of the real party in interest, with certain exceptions, none of which cover such case.

**2. STATUTE OF FRAUDS—CONTRACT FOR SALE OF REAL ESTATE—VERBAL EXTENSION.**

Under Rev. St. Idaho, § 6007, which provides that no interest or estate in real property, other than leases for a term not exceeding one year, can be created or declared except by an instrument in writing, a written

contract, giving an option to purchase real estate within a specific time, cannot be legally extended by a verbal agreement.

Appeal from the Circuit Court of the United States for the Northern Division of the District of Idaho.

Blake & Post and F. T. Post, for appellant.

W. B. Heyburn and E. M. Heyburn, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. There is, in our opinion, no merit in this appeal. The suit is one for the specific enforcement of an option to buy certain real estate and a certain water right. The basis of the suit is a certain option in writing, and a certain extension thereof in writing, which are as follows:

"I, the undersigned, Frederick Post, for and in consideration of one dollar ($1.00), legal money, the receipt of which is hereby acknowledged, do hereby agree to sell all my right, title, and interest in and to forty-five hundred horse power water right, if carried out in accordance with deed executed to Post Falls Water-Power Company, and all of the land situated at Post Falls, Idaho, granted to me by Indian Chief Seltice, and afterwards confirmed by United States patent, signed 'Grover Cleveland,' comprising over two hundred and ninety-eight acres (298), for the sum of twenty-two thousand five hundred dollars ($22,500.00), on or before thirty (30) days after date below written, and upon receipt of said money as aforesaid will deliver to Jay Lawyer, of Spokane, Wash., a full and sufficient warranty deed conveying said property to said Lawyer or his assigns. Witness my hand and seal this 17th day of October, 1899. Frederick Post."

"Post Falls, Nov. 6th, 1899.

"I hereby extend the time of option on water-power property given to Jay Lawyer, of Spokane, Washington, to the twenty-fifth (25) of November, 1899, being an extension of eight days on the original option.

"Frederick Post."

It is not pretended that the complainant paid or tendered the consideration named within the time given by the written option, nor within the time specified in the written extension. It is contended, however, on his behalf, that the defendant Frederick Post, who was the owner of the property, made certain oral extensions and agreements, which may be enforced, and which are claimed to have covered other and additional property. The evidence shows without conflict that one Sonnemann was the person who wanted to acquire the property, and that Lawyer, who, it seems, was a real-estate agent, secured the option at the request of Sonnemann, and under the agreement that in the event of the consummation of the negotiation he should receive for his services a commission of 5 per cent. on the purchase price. That was his sole interest in the matter. The deed that he demanded the execution of by the defendants was one conveying the demanded property to Sonnemann. But the defendants had never given Sonnemann any option in respect to the matter, and did not know him in the transaction. Taking him to be the real party in interest, he has not sued. Conceding Lawyer to be the party in interest, he does not appear to have made any demand on the defendants for the conveyance of any of the property to him. If he be not the real party in interest, he cannot main-

109 F.—33

tain the action, in view of the statute of Idaho, which provides that "every action must be prosecuted in the name of the real party in interest, except as otherwise provided by this Code." Rev. St. § 4090. None of the exceptions of the Code are applicable to the present case. Moreover, the deed that was presented to the defendants, and the execution thereof demanded, embraced other and additional property to that referred to in the option. Assuming that the evidence establishes that the defendant Frederick Post verbally agreed to sell and convey such other and additional property, and that he verbally gave an additional extension of the time within which he would sell and convey both that referred to in the written option and such other and additional property, such oral agreement must be held to be void, under the provisions of section 6007, Rev. St. Idaho, which declares:

"No estate or interest in real property, other than for leases for a term not exceeding one year, nor any trust or power over or concerning it or in any manner relating thereto, can be created, granted, assigned, surrendered or declared, otherwise than by operation of law or a conveyance or other instrument in writing subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing."

Besides, we agree with the court below that the preponderance of the evidence is to the effect that the defendant Frederick Post refused to grant a second extension of the option, although he did tell the complainant that the property was for sale, and that if, when the examination desired by the complainant was made, they could agree as to the property to be conveyed, and the kind of conveyance, a sale might be consummated. No such agreement appears to have been made, but, on the contrary, it appears that the parties could not thereafter agree. The judgment is affirmed.