STAMEY v. HEMPLE.

(Circuit Court of Appeals, Ninth Circuit. January 3, 1910.)

No. 1,683.

1. FRAUDS, STATUTE OF (§ 131*)—CONTRACT RELATING TO LAND—OPTION—EXTENSION BY PAROL.

An oral contract. extending an option to purchase certain mining claims, and to waive a forfeiture in consideration of defendant's doing the assessment work on the claims required by law for the year 1907, was not within the statute of frauds. under the rule that, if an agreement required to be in writing under the statute is modified by a subsequent oral agreement, which does not in itself constitute a contract within the statute of frauds, the modification is valid, especially where it merely amounts to an extension of the time of performance of the written contract.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 284; Dec. Dig. § 131.*]

2. MINES AND MINERALS (§ 83*) — ACTION FOR BREACH OF CONTRACT — SUFFICIENCY OF COMPLAINT.

A complaint which alleges that plaintiff and defendant entered into a written contract by which plaintiff agreed to sell to defendant certain mining claims, payments to be made at stated times, and that in consideration of an extension by plaintiff of the time for making the final payment from October 1st to December 1st defendant agreed to do the assessment work for that year, but that he failed to complete the payment or to do the work, in consequence of which the claims were forfeited. relocated by others, and lost to plaintiff, to his damage to the extent of their value,

_____
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for which he asks judgment, states a cause of action for breach of the contract and for the recovery of damages in some amount, the true measure of which is a matter to be determined on the proofs.

[Ed. Note.—For other cases, see Mines and Minerals, Dec. Dig. § 83.*]

In Error to the District Court of the United States for the Third Division of the Territory of Alaska.

Action by T. P. Stamey against S. A. Hemple. A demurrer was sustained to plaintiff's complaint, and he brings error. Reversed and remanded.

In an action to recover damages the plaintiff alleged in his complaint in substance the following: That on March 25, 1907, the plaintiff, being the owner of seven certain lode mining claims, entered into an agreement with the defendant for the sale thereof, and gave to the defendant an option to purchase the same for the sum of $25,000, of which $1,000 was then and there paid, $4,000 was to be paid on June 25, 1907, and $20,000 was to be paid on October 1, 1907; that a deed for said claim was executed by the plaintiff to the defendant, and deposited in escrow, to be delivered to the defendant at the time of the final payment; that on June 25, 1907, the defendant paid plaintiff the sum of $4,000; that on or about October 3, 1907, the final payment being due and unpaid, the plaintiff demanded of defendant the payment thereof, and notified him that he was able, prepared, and willing to carry out all the terms of the option on his part to be performed, and that if said payment was not then made he would declare the forfeiture of all the rights of the defendant in and to said mining claims, and demand a return of his deed so held in escrow; that the defendant then stated to plaintiff that if the latter would waive the forfeiture and grant an extension of time to December 1, 1907, in which to make the final payment, he, in consideration of such extension of time, would do or cause to be done upon said mining claims the assessment work for the year 1907 as required by law; that thereupon the plaintiff and the defendant entered into an oral agreement, whereby the plaintiff waived the forfeiture of defendant's rights under said option and granted him until December 1, 1907, within which to make said final payment, and the defendant, in consideration of said waiver and said extension of time, promised to do or cause to be done upon said mining claims the assessment work for the year 1907, and the plaintiff did then and there waive such forfeiture, and did extend the time for the final payment to December 1, 1907, and notified the depositary to hold the deed until December 1, 1907, under the terms of said agreement; that the defendant failed, refused, and neglected to perform his part of the terms of said oral agreement, and did none of the assessment work which he so agreed to do upon the mining claims; that on January 1, 1908, owing to the defendant's failure to do said assessment work, all of said mining claims reverted to the public domain, and became open to relocation, and on said date were all relocated and appropriated, whereby the plaintiff lost all his right, title, and interest therein; that the plaintiff relied upon defendant's promise to do or cause to be done said assessment work, and he had no knowledge, or information that the same had not been done, or that the defendant had failed to perform his part of said oral agreement, until on or about January 5, 1908, and that until the last-named date the deed remained in escrow; that the reasonable value of said mining claims is $25,000, which sum is the measure of plaintiff's damages resulting from the failure of defendant to perform the terms of the said oral agreement; and judgment was demanded for that amount. A demurrer to the complaint was sustained for want of facts sufficient to constitute a cause of action, and thereupon judgment was entered dismissing the action. The plaintiff brings the case into this court, assigning error in the ruling of the court below in sustaining the demurrer.

R. F. Lewis, Richard C. Harrison, and Ostrander & Donohoe, for plaintiff in error.

Edmund Smith, T. C. West, and West & De Journel, for defendant in error.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before GILBERT and ROSS, Circuit Judges, and HUNT, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The complaint is said to be demurrable on two distinct grounds: First, that the oral agreement to extend the life of the option is void as within the statute of frauds, so that there was no consideration for the defendant's promise to do the assessment work; and, second, that, conceding the contract to be valid, the measure of the plaintiff's damages was not the value of the mining claims which he lost.

If an agreement required to be in writing under the statute of frauds is modified by a subsequent oral agreement, which does not in itself constitute a contract within the statute of frauds, the modification is valid and binding upon the parties; and it is generally held that, if the subsequent oral agreement is merely for a change in the time of performance of a written contract, it is valid. 20 Cyc. 287; Ward v. Matthews, 73 Cal. 13, 14 Pac. 604; Scheerschmidt v. Smith, 74 Minn. 224, 77 N. W. 34; Cummings v. Arnold, 3 Metc. (Mass.) 486, 37 Am. Dec. 155; Stearns v. Hall, 9 Cush. (Mass.) 31; Whittier v. Dana, 10 Allen (Mass.) 326; Hurlburt v. Fitzpatrick, 176 Mass. 287, 57 N. E. 464; Kissack v. Bourke, 224 Ill. 352, 79 N. E. 619. Upon the doctrine of these decisions and the weight of authority, we are of opinion that the oral agreement set forth in the complaint in this case was not void as within the statute of frauds. If it was not void, it follows that there was no want of an adequate consideration for the promise of the defendant to do the assessment work on the mining claims. The consideration was the agreement of the plaintiff to waive the forfeiture and extend the time of performance of the contract for a period of 60 days.

As the demurrer was a general demurrer to the complaint for want of facts sufficient to constitute a cause of action, it is unnecessary to enter into a discussion of the question whether or not the facts which are set forth to show special damages are sufficient for that purpose, as in any view the plaintiff is entitled to recover damages in an amount equal to the value of the annual assessment work which the defendant had promised to do upon the mining claims, and the burden of proof would rest upon the defendant to meet the allegations and proof of special damages by showing that the plaintiff might have saved himself from the loss arising from the breach of the contract by a trifling expense or with reasonable exertions.

The judgment is reversed, and the cause is remanded for further proceedings.

NOTE.

[a] (U. S. 1901) Under Rev. St. Idaho, § 6007, which provides that no interest or estate in real property, other than leases for a term not exceeding one year, can be created or declared except by an instrument in writing, a written contract. giving an option to purchase real estate within a specific time, cannot be legally extended by a verbal agreement.—Lawyer v. Post, 109 Fed. 512, 47 C. C. A. 491.

[b] (Cal. 1887) Defendant, not having the money to pay for lands purchased, obtained an advance from plaintiff. The title was taken in plaintiff's

name for his security, and it was agreed that the advance should be repaid within a year. The agreement was verbal, and, although it was agreed that it should be reduced to writing, this was never done. Before the expiration of the year plaintiff agreed to extend the time six months. *Held*, that the fact that the contract had never been reduced to writing did not prevent its enforcement, since it was intended to be performed within one year, and the extension had been made within the year.—Ward v. Matthews, 73 Cal. 13, 14 Pac. 604.

[c] (Cal. 1896) Under the statute of frauds (Civ. Code, § 1624, subd. 6), requiring "an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or commission" to be in writing, a valid extension of such a written agreement cannot be made by parol.—Platt v. Butcher, 44 Pac. 1060.

[d] (Ky. 1903) Ky. St. 1899, § 470, subsec. 6, provides that no action shall be brought to charge any person on any contract for the sale of real estate, unless in writing. A written contract for the sale of mineral rights in land provided for the payment of the consideration before a certain time, and that, if not paid, the contract should be void. The consideration not being paid at this time, the parties entered into a parol agreement extending the former contract. *Held* that, as the original contract was terminated by a failure to make payment as required, the parol agreement for extension of time was, under the statute, void because not in writing.—McConathy v. Lanham, 76 S. W. 535, 116 Ky. 735, 25 Ky. Law Rep. 971.

[e] (Me. 1883) Where parties to a written contract for leasing a mill, the rent being a certain sum payable for each 1,000 feet of lumber that should be sawed at the mill during the term, made an additional agreement to shorten the term originally agreed upon, a person who in writing guarantied the first agreement and verbally assented to the second is not absolved from his liability upon the amended agreement by the effect of the statute of frauds.— Smith v. Loomis, 74 Me. 503.

[f] (N. Y. 1890) In an action for refusal to accept goods under a written contract of sale, which provided that the goods should be shipped and delivered within a certain period, it appeared that during that time the seller orally agreed with the purchaser to "carry" the goods for him for a reasonable time, and payment was not demanded, but no goods were set apart for or tendered him until after the expiration of the time specified in the original contract, and the goods finally set apart and tendered had not been shipped within that time. *Held*, that the oral agreement was either a modification of the written contract extending the time of delivery and date of payment, and required a tender of goods shipped within the contract period, or it was a new contract for the sale of other goods, rescinding the old one, and, being oral, was void under the statute of frauds, and plaintiff could not recover.—Clark v. Fey, 121 N. Y. 470, 24 N. E. 703, affirming (1889) 4 N. Y. Supp. 18.

[g] (Ohio, 1896) Where one purchased land, agreeing in writing that the vendor should have all timber suitable for lumber, to be cut and removed by a certain day, a subsequent verbal extension of the time by him for the cutting and removal was within the statute, and was not taken out thereof by the fact that the vendor relied on the extension, and delayed cutting the timber until after the original date specified.—Clark v. Guest, 54 Ohio St. 298, 43 N. E. 862.

[h] (Wis. 1887) Where a writing, evidencing a contract for the purchase of lands, shows that the contract signed by one party is to be completed by an acceptance of the other party within a limited time, it is incompetent to show by parol evidence that the time for its completion by such acceptance was orally extended.—Athe v. Bartholomew, 69 Wis. 43, 33 N. W. 110.