[Sac. No. 1923.  Department One.—August 26, 1912.]

## THOMAS BROWN et al., Respondents, v. ELEANOR SPENCER, FRANK SPENCER, and JOHN SPENCER, Appellants.

RESULTING TRUST IN LAND—PAYMENT OF CONSIDERATION BY PERSONS NOT GRANTEE—WRITING UNNECESSARY TO CREATE TRUST.—Where a conveyance of land is made to one person and the consideration for the transfer is paid by others, a trust is presumed to result in favor of the persons paying the consideration, and the grantee will be declared a trustee for them as to the land. No writing is necessary to create such a trust.

ID.—LOAN BY GRANTEE TO PERSONS PAYING CONSIDERATION.—The fact that the money paid for the purchase was loaned by the grantee to the purchasers, and was paid directly to the vendors by an agent of the grantee, does not alter the legal effect of the transaction.

ID.—ACTION TO ESTABLISH TRUST—AGENCY TO MAKE LOAN—DECLARATIONS OF GRANTEE ADMITTING AGENCY AND RATIFYING LOAN—EVIDENCE OF DECLARATIONS OF AGENT—RES GESTAE.—In an action to establish such trust, where the complaint alleged that the loan was made by the grantee through an agent, evidence of declaration of the grantee showing that after the transaction was completed she had ratified the acts of the agent, had accepted the transaction as a loan by her with the land as security, and was holding it in trust,

is sufficient *prima facie* proof of the agency and of the agent's authority to make the loan and to take the deed in the grantee's name as security, and renders admissible the declarations and statements made by the agent while the transaction was being carried on which were parts of the *res gestae* thereof.

ID.—EVIDENCE OF OTHER LOAN BY AGENT—CORROBORATION OF EVIDENCE OF AGENCY.—In such action, evidence of another loan made by the alleged agent for the grantee, and of her authorization or ratification of it, was admissible to corroborate the evidence as to the declarations of the grantee to the effect that such person had always transacted all her business, and as evidence tending to prove his agency.

ID.—EVIDENCE OF CONVERSATIONS BETWEEN PURCHASERS—NATURE AND HISTORY OF TRANSACTION.—Conversations between the purchasers, one of whom was the person acting as agent for the grantee, during which the loan was negotiated and agreed to, and the statements made to each other regarding it, were necessary to show the nature and history of the transaction and were admissible for that purpose.

ID.—REFUSAL OF SOME PURCHASERS TO JOIN AS PLAINTIFFS—AGREEMENT AS TO INTERESTS IN LAND.—Where in such action several of the purchasers refuse to join as plaintiffs and are therefore made parties defendant, proof of the agreement between them as to their respective interests in the land was proper, in explanation of such arrangement of the parties.

ID.—AGENT OF GRANTEE AS PARTNER WITH BORROWERS—ABSENCE OF FRAUD.—In the absence of any fraud or bad conduct on the part of the agent making the loan, the mere fact that he was also interested as a partner with those to whom the loan was made, did not vitiate the transaction.

ID.—PARTNERSHIP IN REAL ESTATE—WRITTEN AGREEMENT UNNECESSARY.—An agreement in writing is not necessary to the creation of a partnership to deal in real estate.

ID.—AGENCY TO LOAN ON REAL SECURITY—WRITING UNNECESSARY.—An agency to loan money and accept title to land as security need not be created by writing.

ID.—PLEADINGS—VARIANCE NOT SHOWN.—Where the facts alleged in the complaint and the proofs on the trial both establish a resulting trust, there is no variance.

ID.—PROMISE TO REPAY LOAN—IMPLIED PROMISE SUFFICIENT TO CREATE TRUST.—The loan of the money by the grantee to the persons paying the consideration of itself raised an implied promise, binding on them in law, to repay it. No further promise was necessary to constitute the resulting trust.

ID.—POSSESSION OF LAND—QUESTION CALLING FOR CONCLUSION OF WITNESS.—In such action, where the actual facts relating to the posses-

sion of the land were shown, the allowance of the question "who had possession of the land," although calling for a conclusion as to a matter of law, was without prejudice.

Id.—Finding—Assignment by Partnership to Corporation.—A finding that a certain partnership, which was one of those paying the consideration for the land, had transferred its interest therein to one of the plaintiffs, a corporation of the same name, is held supported by the evidence of statements and conduct of the parties which necessarily implied that such assignment had been made.

APPEAL from a judgment of the Superior Court of Glenn County.   H. M. Albery, Judge presiding.

The facts are stated in the opinion of the court.

White, Miller & McLaughlin, and B. F. Geis, for Appellants.

Frank Freeman, and Charles L. Donohue, for Respondents.

SHAW, J.—The defendants appeal from the judgment. The appeal was taken within sixty days after its entry.   The evidence and proceedings at the trial are presented in a bill of exceptions.

The defendants, Frank and John Spencer, are the sons of defendant Eleanor Spencer.   According to the allegations of the complaint, they are interested in common with the plaintiffs in the cause of action and they are made parties defendant solely because they refuse to join as plaintiffs.   The plaintiffs are Thomas Brown, David Brown, and Hochheimer & Co., a corporation.   The transactions upon which the alleged trust arose occurred in 1901.   At that time Hochheimer & Co., was a partnership.   In 1903 a corporation under the name, Hochheimer & Co., was organized and thereupon the interest of said firm of Hochheimer & Co., was transferred to said corporation, one of the plaintiffs herein.   We use the term "plaintiffs," without regard to this change of character.

It is claimed that the complaint does not state facts sufficient to constitute a cause of action.   As this is the main question in the case and its determination will decide a number of alleged errors of law occurring at the trial we take it up first.   The plaintiffs and Frank and John Spencer were associated together in the business of buying and selling real estate and building canals and ditches.   They had made an

agreement to buy from one Ehorn a parcel of land at the price
of $12,500. Frank and John Spencer had agreed to buy from
one Sutton a contiguous parcel at the price of about two thou-
sand dollars. The parties did not have the money to pay for
these lands and thereupon it was agreed between them and
Eleanor Spencer that she would loan to Frank, John, and the
plaintiffs $12,178, being the amount necessary to complete the
payment, that the purchase price should be paid with the
money so loaned, that the lands should be conveyed to Eleanor
Spencer as security for the money so loaned, and that she
should thereupon hold the same in trust for Frank, John, and
the plaintiffs, until a reconveyance was demanded by them,
or until the land should be sold, at which time the money was
to be repaid to her with interest at six per cent per annum.
Said Eleanor loaned the money, the purchase price of the par-
cels was paid therewith and the conveyances thereof were
made to said Eleanor, all in pursuance of and as provided in
said agreement. This was accomplished on October 3, 1901.
She has ever since that day held the title in trust, under the
agreement, but at that time the plaintiffs took possession of
the lands and they have ever since held possession and have
received the rents, issues, and profits thereof. It was agreed
between Frank, John, and the plaintiffs, that Frank and John
should jointly own one-third of said parcels, Hochheimer &
Co. one-third and the two Browns one-third. The said Eleanor
now claims absolute title and repudiates the trust relation.
Plaintiffs have paid her two thousand dollars as interest and
have tendered her the amount due under the agreement and
are ready and willing to pay it upon a conveyance of the
property to them by her. They did not know of her claim
of absolute right, or discover that she denied their rights or
repudiated the trust, until three days before the action was
begun. It is not alleged that any written agreement was made
by or for Eleanor in regard to the alleged trust in the land.
We will assume that no such writing was executed. The above
are the essential facts as alleged in the complaint. The prayer
is for an accounting, for a determination of the amount due
Eleanor, and for a decree declaring the interests of the re-
spective parties in the lands, and that she holds them in trust
for the other parties as alleged.

The substance of the cause of action thus set forth is that the consideration for the transfer of the land was paid by Frank Spencer, John Spencer, and the plaintiffs, and the conveyance thereof was made to Eleanor Spencer. In such cases a trust is presumed to result in favor of the persons paying the consideration, and the grantee will be declared a trustee for them as to the land. (Civ. Code, sec. 853.) The loan of the money by Eleanor to the purchasers was, in legal effect, a transfer of the money to them. The consequence was that when the money was paid in settlement of the purchase price, it was their money, and not Eleanor's, that was so paid. The fact that it was paid directly to the vendors by her agent does not alter the legal effect of the transaction. The transfer being made to Eleanor, she became a trustee holding title to the land for the other interested parties. No writing was necessary to create a trust of this character. It is a trust which the law implies from the facts of the case and may be created without writing. The case falls exactly within the rule of the aforesaid section of the Civil Code. (*Campbell* v. *Freeman,* 99 Cal. 546, [34 Pac. 113] ; *Hidden* v. *Jordan,* 21 Cal. 99; *Millard* v. *Hathaway,* 27 Cal. 139; *Sandfoss* v. *Jones,* 35 Cal. 486; *Walton* v. *Karnes,* 67 Cal. 255, [7 Pac. 676] ; *Ward* v. *Matthews,* 73 Cal. 16, [14 Pac. 604] ; *Hellman* v. *Messmer,* 75 Cal. 170, [16 Pac. 766] ; *Moultrie* v. *Wright,* 154 Cal. 523, [98 Pac. 257] ; *Title etc. Co.* v. *Ingersoll,* 158 Cal. 491, [111 Pac. 360].) Upon the facts alleged the plaintiffs were entitled to the relief prayed for.

The defendants answered separately. All the material allegations of the complaint necessary to the creation of the alleged trust were put in issue, except the allegation that the land was conveyed to Eleanor Spencer and the allegation that the money which paid for the land was obtained from her. Her claim is that she paid for the land as a purchaser, that there was no loan, and that she took the deed free from any trust. The findings are in favor of the plaintiffs. Judgment was given substantially as prayed for, directing the conveyance by Eleanor on payment of the amount found to be due her. The appellants claim that material errors of law occurred at the trial and that the findings so far as they are against Eleanor are not sustained by the evidence.

The plaintiffs allege that the loan was made by Eleanor Spencer through Frank Spencer, acting as her agent. There was proof of declarations by her, after the transaction was completed, that Frank had always transacted all of her business. It was not disputed that the money used to pay the purchase price was paid by Frank and that he obtained it from her. She could not consistently claim otherwise, since her defense is that, although the money was paid by Frank, it was her own and was paid for her as the purchaser. There was also evidence of declarations by her showing that after the transaction was completed she had ratified the acts of Frank in the matter in her behalf, had accepted the transaction as a loan by her with the land as security, and was holding it in trust. This was sufficient *prima facie* proof of Frank's authority and agency to loan her money to himself and the other parties and take the deed to her as security. His agency being thus proven, there was no error in admitting in evidence testimony of declarations and statements made by him to his associates to the effect that she had the money to loan and was willing to make the loan to them on the terms stated and his further declarations and statements while the transaction was being carried on and which were parts of the *res gestae* thereof. His mere declarations would not have been competent proof of his agency, but, when the agency was proven by other evidence, his statements in the course of the transaction of the business in relation thereto were admissible in evidence as against her.

Plaintiffs were allowed to prove that shortly before the loan in question was made, Frank Spencer had loaned money for his mother to Ehorn and had taken a mortgage from Ehorn in her name as security and that she had been informed thereof and had either authorized it or approved it. This evidence was admissible to corroborate the evidence as to the declaration of Eleanor to the effect that Frank had always transacted all her business, and as evidence tending to prove his agency.

The evidence of conversations between the plaintiffs and Frank and John Spencer by which the loan was negotiated and agreed to and the statements made to each other regarding it, were necessary to show the nature and history of the transaction, and were admissible for that purpose. The proof

of the agreement between them as to their respective interests
in the land was proper, in order to establish the facts which
made it necessary to name the two sons as defendants, instead
of plaintiffs. The agreement between them made them all
partners in the affair. No writing was necessary to create
such partnership in real property. (*Koyer* v. *Willmon,* 150
Cal. 787, [90 Pac. 135].) And as there was enough evidence
to show that Frank was the agent of his mother to make a
loan for her and accept the security, his statements to his
associates in regard to it were properly admitted. We know of
no authority to the effect that an agency to loan money and
accept title to land as security must be created by writing.
Nor is there any reason, in law, why Frank could not act as
her agent in making the loan while he was also interested as
a partner with those to whom the loan was made. (*Hemen-
way* v. *Abbott,* 8 Cal. App. 461, [97 Pac. 190].) She denied
his authority as her agent, but she does not claim that there
was any unfair advantage taken, or actual or constructive
fraud against her in his conduct. The dual relation he held
would be of no consequence unless such fraud or bad conduct
was involved.

There is no merit in the point that there is a variance be-
cause the complaint alleged an express trust and the proof
shows only a resulting trust arising by operation of law. The
resulting trust appears from the facts alleged and there is no
variance. (*Bayles* v. *Baxter,* 22 Cal. 578.) The point that
there was no promise alleged or proved to repay the money
to Eleanor, is also without merit. The loan of the money
would of itself raise an implied promise, binding on them in
law, to repay it. (*Couts* v. *Winston,* 153 Cal. 691, [96 Pac.
357].) No further promise was necessary to constitute the
trust alleged. There was nothing unfair in the transaction as
found by the court. She was free to enforce payment of the
money with interest, by a proper action, after the lapse of a
reasonable time for the borrowers to sell the land. (*Campbell*
v. *Freeman,* 99 Cal. 546, [34 Pac. 113].) In the mean time
she held the land as security.

We cannot perceive that any prejudice to the appellants
arose from the ruling allowing the answer to the question
"Who had possession of the land"? The question what con-
stitutes possession is sometimes a question of law, and inter-

rogatories put in this form have sometimes been condemned because the conclusion of the witness as to a matter of law was called for in answer to it. But in common usage the word "possession" is often used as synonymous with "occupancy," and when it is so used and understood, the question as above given is not objectionable in form. It is usually within the discretion of the trial court to allow or reject it. In the present case the actual facts relating to possession were shown and it is not necessary for us to determine the sense in which the word was used and understood, since no harm could have been caused by the answer.

It is claimed that there was no evidence to support the allegation and finding that the partnership, Hochheimer & Co., transferred its interest in the land to the corporation, Hochheimer & Co. The fact of this change of the character of the plaintiffs was disclosed in the course of the trial and the allegation appears in an amendment to the complaint made at that time. No formal denial was filed to this amendment, but it was stated that it would be considered as denied. From the colloquy that took place, it appears probable that this particular allegation was admitted. But conceding that it also was denied, the fact appears to be that it was not really disputed at the trial and there is ample evidence of statements and conduct of the parties which necessarily implied that such assignment had been made. This is sufficient to support the finding.

We do not deem it necessary to discuss further the points presented in the voluminous briefs of the appellants. All of the arguments relating to matters of substance are fully answered in the opinions of this court in the several cases which we have cited. The other points could not under any circumstances have prejudiced the appellants and we do not deem it necessary to consider them.

The judgment is affirmed.

Sloss, J., and Angellotti, J., concurred.

Hearing in Bank denied.