## H. W. PAINE & CO., Inc., v. MANISTEE TANNING CO.

(Circuit Court of Appeals, Sixth Circuit. March 8, 1922.)

No. 3595.

1. **Frauds, statute of ⬅129(1)—Modification of contract of sale, with partial performance, need not be in writing in Michigan.**

Where a large part of goods sold had been received, and partial payments had been made, and the original contract of sale was no longer depending for its valid force upon the original writings, a modification, whereby was established from that time on a somewhat different contract, which was itself in part performed by acceptance and receipt of a part of the goods covered by it and by partial payments thereunder, was not required to be in writing, under Comp. Laws Mich. 1915, § 11835(1).

2. **Sales ⬅89—Modification of contract held supported by consideration.**

Where purchaser of goods under installment contract claimed that goods received were not of quality contracted for, and rejected several carloads tendered, a modification of the contract of sale, whereby seller allowed part of the damages claimed, and purchaser had to receive the rejected goods, with the right to refuse further shipments until the defective goods were disposed of, was supported by consideration, whether or not the goods were rightfully rejected.

3. **Pleading ⬅369(4)—Defenses pleaded in avoidance of contract of sale held not so inconsistent under Michigan practice as to require election.**

In an action by a seller on a contract of sale of goods to be delivered in installments, defenses that buyer was justified in its breach of the original contract because plaintiff had first broken it by shipping defective goods, and that in any event defendant before suit had been released from further performance because of an agreed suspension of deliveries for a period which had not expired, and that the new agreement amounted to a release and discharge under the old one, were not so inconsistent as to require election between them, under the practice existing in Michigan.

4. **Appeal and error ⬅169—Matters not presented below not reviewed.**

Issues not expressly made by the pleadings or presented to the trial court will not be reviewed.

In Error to the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Action by H. W. Paine & Co., Inc., against the Manistee Tanning Company. Judgment for defendant, and plaintiff brings error. Affirmed.

W. H. K. Davey, of New York City (Smedley, Linsey & Shivel, of Grand Rapids, Mich., on the brief), for plaintiff in error.

Edgar H. Johnson, of Grand Rapids, Mich. (Travis, Merrick, Warner & Johnson, of Grand Rapids, Mich., on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. Paine & Co. brought an action against the Manistee Tanning Company based upon a contract by which the plaintiff had agreed to sell, and defendant to accept, a large quantity of hides, to be delivered in specified installments extending over a considerable time. The action sought damages for defendant's refusal to accept the later installments. The contract was in writing. It ap-

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

peared that a controversy soon arose as to the quality of the hides, and defendant claimed damages on account of those which had been delivered to it and which it had paid for. While this controversy was pending, two more carloads arrived and defendant refused to accept. The parties then had a conference. The verdict of the jury, under the instructions which were given, amounts to a finding that at this conference it was orally agreed: (1) That plaintiff would allow and pay as damages a sum less than the amount claimed by defendant, and defendant would accept this lesser amount in satisfaction of its damage claims; (2) that defendant would accept and pay for the two carloads then recently received, which two carloads were then specifically guaranteed by plaintiff to be of contract quality; (3) that the further contract deliveries should be suspended until defendant had disposed of the then accumulated and partially defective hides. A little later plaintiff made a further allowance because these two carloads turned out also to be defective, and upon computing the damages first allowed and this further allowance and the contract price of the two carloads, it was found that a small balance was owing from plaintiff, to defendant, and this small balance was paid.

After some delay plaintiff began to request that contract shipments be resumed, but defendant refused because it had not disposed of the old hides. Still later, and in the face of this continued refusal, plaintiff brought this action, declaring upon the original contract without reference to any change or modification. Defendant pleaded, first, that it was justified in its breach of the original contract because the plaintiff had first broken it by shipping defective hides; second, that in any event defendant before suit brought had been released from further performance because of the agreed suspension of deliveries for a period which had not expired; and, third, that the new agreement amounted to a release and discharge under the old one.

The substantial question of fact controverted was whether the parties had in truth made the suspension agreement; this question was by the jury resolved in defendant's favor. The substantial question of law considered was as to the legal status of such an oral modification of a contract, which contract was required to be and was in writing. As to this the trial court held that the suspension contract, if made, was valid and was a complete defense to the action. This question the plaintiff now brings here for review.

There is abundant authority both in the text-books and in the decisions for the proposition that, where the statute of frauds requires a contract to be in writing, a later modification thereof must also be in writing. This principle and its application here may be distinctly affected by the fact that this rule—as to sales of goods—grew up under the seventeenth section of the statute of frauds and corresponding state statutes, which made certain contracts invalid unless in writing; while the Uniform Sales Act, which in Michigan, as generally, has superseded the old statutes on this subject, provides only (section 11835 [1], Mich. C. L. 1915) that such contracts shall not be enforceable. It is also held that a mere extension of time need not be in writing (Stamey v. Hemple [C. C. A. 9] 173 Fed. 61, 63, 97 C. C. A. 379).

However that may be, there is ample reason in the facts of this case for refusing to apply the rule of invalidity which the plaintiff invokes.

It is, of course, incorrect to say that this familiar statute makes every sales contract void or unenforceable, unless it is evidenced by a memorandum in writing; the statute requires that result only in case there has been neither acceptance of any part of the goods sold nor any part payment.

[1] As the situation in this case existed at the time of the conference and modification contract, a large part of the goods sold had been received and partial payments had been made, and the original contract was no longer depending for its valid force upon the original writings. Likewise the modification, whereby was established from that time on a somewhat different contract, was itself in part performed by acceptance and receipt of a part of the goods covered by it and by the partial payments thereunder. Under such circumstances, where the original contract has become valid for the executory portion thereof without necessary dependence upon the writing, and where the oral modification, whether treated as creating a new contract from that time on, or as re-establishing the old one with a new condition from that time on, has itself been accompanied by partial acceptance and partial payment, there seems to be no principle—and we find no authority—which requires the modification to be in writing. Clearly only a case arising under the seventeenth section could be pertinent, because the "interest in land" and "not to be performed within a year" sections are absolute, not contingent. Of the seventeenth section cases cited for plaintiff in error,[1] only one notes that there had been delivery under the original contract and in no one does it appear that the oral modification had been followed by partial acceptance and payment thereunder, as distinguished from performance which might have been as well under the original.

[2] There is no doubt about the existence of mutual consideration for the contract of which the plaintiff's agreement to delay shipments was a part. Whether or not defendant could rightfully reject these two carloads, it claimed the right to do so and it could litigate—indeed, the event showed that it had the right. Whether or not it could justly claim more damages on past shipments than plaintiff in the settlement conceded, presumptively it made the larger claim in good faith; and again it had the right to litigate. The settlement of these claims was ample consideration. Union Pacific v. Goodridge, 149 U. S. 680, 691, 13 Sup. Ct. 970. 37 L. Ed. 896.

[3] The defenses pleaded were not so inconsistent as to require election between them, even if we may overlook the express rule of practice existing in Michigan and adopted by the court below permitting inconsistencies in this respect. These defenses were alternative and successive; defendant could well rely upon one and then fall back upon the others in turn.

---

[1] Schultz v. Bradley, 57 N. Y. 646, 649 (Commission); Carpenter v. Galloway, 73 Ind. 418; Walter v. Bloede Co.. 94 Md. 80. 50 Atl. 433; Warren v. Mayer Co., 161 Mo. 112, 61 S. W. 644; Willis v. Fields, 132 Ga. 242, 63 S. E. 828.

[4] Plaintiff now insists that in any event the suspension was only for a reasonable time, and that the reasonable time had expired before the suit was commenced, and hence that the obligation to accept further shipments had been reinstated. No such issue was expressly made by the pleadings or was presented to the trial court. The question whether plaintiff upon that theory had rights which have been concluded by the judgment has not been argued and we have not considered it. If not so concluded, they may depend upon facts and conditions not appearing by this record. In any event, since the question was not presented below, its suggestion does not justify a reversal.

The judgment is affirmed.