Herman Tietke, Appellant, v. Union Bank of Chicago, Appellee.

Gen. No. 34,211.

342

Heard in the second division of this court for the first district at the April term, 1930. ▮ Opinion filed December 16, 1930. Rehearing denied December 30, 1930.

CHITTICK, BLANKENSHIP & BALTZ, for appellant.

KIRKLAND, FLEMING, GREEN & MARTIN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

On submission of this cause to the court upon stipulated facts there was a judgment against appellant for costs. The action is one to recover money paid defendant on two contracts for conveyance of certain lots, the contracts differing only as to the lots described.

These contracts were between defendant, called the "vendor" therein, and plaintiff, called the "purchaser." They provided that if plaintiff made certain payments by instalments and performed the covenants therein provided for, "said vendor will convey, or cause to be conveyed," the fee simple title to said lots.

Under a certain trust agreement the Chicago Title & Trust Company as trustee, held the legal title to the lots, and one Croissant was designated therein as manager and as having "the sole and exclusive power" to sell them, and defendant was to receive all moneys due and payable under the contracts of sale, except such portions as were retained by the manager for commissions, and was to distribute the same in a manner

provided for but not material to the issues here. This was the relation of the several parties when the suit was brought, except that the Chicago Title & Trust Company had, without plaintiff's knowledge, undertaken to ratify and confirm the said contracts.

· Defendant was incorporated as a banking corporation under the statutes of Illinois and is qualified under the Illinois statutes to do business as a trust company, but when it executed the contracts it had no authority from the Chicago Title & Trust Company to execute them.

In addition to these facts it was stipulated that after plaintiff signed the contracts, to wit, on October 4, 1926, they "were on October 16, 1926, brought to defendant Union Bank of Chicago for signature by an employee of said Croissant who remitted with the contracts the sum of $606.25''; that plaintiff continued making payments thereon to and including October 24, 1927, paying in all the sum of $4,373.25, of which amount $2,648.32 was paid to defendant Union Bank of Chicago, the balance being paid to said Croissant, and that the latter sum less the bank's collection charges, was from time to time delivered by defendant to Chicago Title & Trust Company pursuant to the terms of said trust agreement.

It was also stipulated that on February 24, 1928, the Chicago Title & Trust Company executed an agreement with defendant by which it ratified and confirmed all contracts executed by defendant pertaining to the trust, including said two contracts, and agreed therein to perform and fulfil the obligations of defendant as vendor under said contracts. Plaintiff began this suit June 22, 1928, and had no knowledge of said ratification until the same was pleaded herein.

The first count of the declaration is predicated on the fact that defendant was unable to convey title, not being vested therewith, and was not an agent for the

owner and that its said agreement was beyond its corporate powers and is null.and void.

The second count is based on the theory that under said contracts defendant falsely represented itself as the legal owner or agent of the legal owner, and not being such it could not and cannot convey the property, and relying on such representations plaintiff made payments on the contracts.

The common counts are also pleaded.

That the contract was void *ab initio* for want of power in defendant under its charter as a bank to deal in real estate other than that necessary to do its banking business and that to which it may obtain title in the collection of its debts, is not questioned. (Cahill's St. ch. 16a, ¶ 9.) But appellee seeks to sustain its authority to execute the contracts in question on the ground that it is qualified to do business as a trust company. To be sure, under the trust statute (Cahill's St. ch. 32, ¶ 345) it may as a corporation execute trusts and be appointed trustee by deed. But there is nothing in the stipulated facts which confer upon defendant any such trust relation as contemplated by said Act. The only power conferred upon it in the trust agreement to which it was a party is that of collecting and distributing money. It held no trust relation to deal with the title to real estate. It was given no title to the lots involved or power as trustee, agent or otherwise, to sell them or contract for their sale, hence its contract was ultra vires as outside the scope of any power it possessed and unenforceable by either party to the contract. (*Mercantile Trust Co. v. Kastor,* 273 Ill. 332, 342.) While in such a case neither party can sue on the contract, the money paid by a party thereon may be recovered back as money had and received to his use. That being so, it inevitably follows that plaintiff's right to the recovery of the money he has paid defendant cannot be defeated, as argued by

appellee, on the ground that he was in default in payments required to be made under the void contract.

Appellee argues that defendant bank acquired authority from Croissant to act as his agent because his employee brought the contracts to defendant "for signature," as was stipulated to, and that it signed them as "agent." But even if Croissant so intended, it is clear that the attempt of the bank to act as such did not constitute such a trust relation as contemplated by the trust act.

Nor was the ratification of the contracts by the holder of the legal title binding on plaintiff without his consent. (*Cowan v. Curran*, 216 Ill. 598, 611; *Atlee v. Bartholomew*, 69 Wis. 43; 1 Am. & Eng. Ency. of Law [2d Ed.] p. 1194.) The general rule as followed in the cited cases and as stated in the Cyclopedia, is: "Where a contract, sought to be ratified, is partly executory, and the party seeking to ratify does so to avail himself of the unauthorized act in order to enforce a claim against a third person, such ratification is held, on the ground of want of mutuality, to be of no effect unless agreed to by such third party." There was no such agreement on the part of plaintiff. In fact, he never knew of the ratification until it was pleaded.

Nor is the principle that one may contract to sell or cause to be sold, property he does not own, applicable to a corporation devoid of the power to make such a contract.

Appellee's expressed alarm at the consequences to banks and trustees in general, if defendant is held to be liable in this case, seems wholly unwarranted. Banking corporations do not ordinarily allow subordinate officers and clerks to assume the exercise of questionable powers without the guidance of competent advice.

In view of our finding that the execution of the contracts by defendant was ultra vires and the ratification thereof ineffectual to bind plaintiff, the judgment will be reversed and judgment will be entered here for plaintiff for the amount of money he has paid on the contract to defendant, to wit, $2,648.32, with interest thereon at the rate of 5 per cent from June 22, 1928, when the suit was commenced.

*Reversed with findings of fact and judgment here for $2,975.60.*

SCANLAN, P. J., and GRIDLEY, J., concur.

Findings of fact: We find that the contracts in question were void and that plaintiff has paid to defendant thereon the sum of $2,648.32.