CASE 80—ACTION BY J. F. LANHAM AND OTHERS AGAINST W. J. MC-
CONATHY AND OTHERS TO ENFORCE A WRITTEN CONTRACT.
—Nov. 12.

## McConathy, &c., v. Lanham, &c.

APPEAL FROM CRITTENDEN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. REVERSED.

SALE OF MINERAL RIGHTS IN LAND—WRITTEN CONTRACT—PAROL EX-
TENSION—STATUTE OF FRAUDS.

Held:   Kentucky Statutes, 1899, section 470, subsection 6, provides that no action shall be brought to charge any person on any contract for the sale of real estate, unless in writing. A written contract for the sale of mineral rights in land provided for the payment of the consideration before a certain time, and that, if not paid, the contract should be void. The consideration not being paid at this time, the parties entered into a parol agreement extending the former contract. HELD, That as the original contract was terminated by a failure to make payment as required, the parol agreement for extension of time was, under the statute, void because not in writing.

BINGHAM & DAVIS, ATTORNEYS FOR APPELLANTS.

In November, 1899, appellees signed a writing agreeing to sell appellants a mineral lease for $600, conditioned that if the consideration "is not paid on before the 31st day of December, 1899, this contract of sale shall be null and void."

This writing was signed by appellees but not signed by appellants. The appellants declined to take the lease at the price stated and the appellees filed suit alleging in their petition as

amended that at the special instance and request of the defendants another understanding was had, by which it was agreed and understood that further time should be given the defendants within which to make said payment of said purchase money, the defendants agreeing at said time to take said lease at said sum."

Appellants' demurrer to this petition as amended was overruled and upon the trial judgment was recovered for appellee for $600.

Our contention is that the contract sued on is one to which the statute of frauds applies, *and that a contract required by the statute of frauds to be in writing can not afterwards be orally modified or varied, except in writing.*

If we are correct in this view of the law the demurrer should have been sustained and all subsequent proceedings in the case in the lower court are void.

## AUTHORITIES CITED.

2 Boone on Real Property, sec. 373; Litz v. Goosling, 14 Ka. Law Rep., 91; Smith v. Causler, 83 Ky., 367; Bank of Louisville v. Baumeister, 87 Ky., 6; Boucher v. Van Buskirk, 2 A. K. Marshall, 345; Allen v. Roberts, 2 Bibb, 88; Jones v. Noble, 3 Bush, 694; Stembridge c. Stembridge's Admr., 87 Ky., 91; Austin & Maine Railroad v. Bartlett, 3 Cush, 224; Ide v. Leiser, 10 Mont., 5; Weston v. Collins, 11 Jur. N. S., 190; Harding v. Gibbs, 124 Ill., 85; Weaver v. Burr, 31 W. Va., 736; Schields v. Harbach, 30 Neb., 536; Longfellow v. Moore, 102 Ill., 289; Mason v. Payne, 27 Mo., 517; Carter v. Phillips, 144 Mass., 100; Kemp v. Humphreys, 13 Ill., 573; Potts v. Whitehead, 20 N. J. Eq., 55; Vassault v. Edward, 23 Cal., 458; Longworth v. Mitchell, 26 Ohio St., 334; Warehouse v. Terrill, 13 Bush, 463; Smith v. Theobold, 86 Ky., 141; Mallory v. Mallory, 92 Ky., 316.

## ADDITIONAL AUTHORITIES FILED WITH SUPPLEMENTAL BRIEF FOR APPELLANT.

Addison on Contracts, Abbott's ed., p. 201; 1 Chitty on Contracts, 11 Am. ed., 154; Bishop on Contracts, sec. 771; Fry on Specific Performance, 3 Am ed., sec. 777; Brown on the Statute of Frauds, sece. 411 *et seq.;* 2 Reed on the Statute of Frauds, secs. 454 *et seq.;* Emerson v. Slater, 22 How., 2845, 16 Lawyers' ed., 360; Marshall v. Lynn, 6 Mees & W., 109; Goss v. Nugent, 5 Barn & Ad., 58; Harvey v. Graham, 5 Ad. & El., 61; Stowell v. Robinson, 3 Bing. N. C., 927; Stead v. Dawber, 10 Ad. & El., 57; Emmett v. Dewhirst, 8 Eng. L. & Eq., 88; Hasbrouck v.

Tappen, 15 Johns. Ch., 429; Clerk v. Russell, Dall., 415; Abell
v. Munson, 18 Mich., 306, 100 Am. Dec., 167; Harris v. Murphy,
119 N. C., 34, 56 Am. St. Rep., 671; Northup v. Jackson, 13
Wend., 85; Tarver v. McNulty, 29 Pa. St., 473; Barton v. Gray,
57 Mich., 622, 634; Wilkins v. Evans, 1 Bel. Ch., 156; Hasbrouck
v. Tappen, 15 Johns., 200; Martin v. Clark, 8 R. I., 389, 395, 5
Am. Rep., 586; Gordon v. Niemann, 118 N. Y., 152; Thompson
v. Poor, N. Y. Sup. Ct., Feb., 1893; Taylor on Evidence, secs.
1143, 1144; 2 Jones on Evidence, sec. 449; Atler v. Bartholomew,
69 Wis., 43, 2 Am. St. Rep., 103; Klien v. Liverpool, London &
Globe Ins. Co., 22 R., 301; Warren v. Nash, 24 Ky. Law Rep.,
479, No. 5.

L. H. JAMES AND OLLIE JAMES, ATTORNEYS FOR APPELLEES.

The appellants do not raise the question of the sufficiency of
the evidence to sustain the verdict, but they say that the court
should have sustained a demurrer to our amended petition in
which we set up as follows:

"That the defendants after their purchase of the mining land
specified in the original petition, did take possession of same
under and in pursuance of said lease; did mine and take there-
from minerals by themselves, agents and employes; and did ship
and sell same, or have same done, and received the price for
which same was sold upon the market, and also did receive
thereon the royalty for which said minerals were leased by
others; that before the expiration of the time mentioned in the
original petition the plaintiffs had a right to declare their option
of said contract off, by reason of defendants' failure to comply
with their contract or payment of said agreed price. At the spe-
cial instance and request of the defendant another understand-
ing was had by which it was agreed and understood that further
time should be given the defendants within which to make said
payment of said purchase money aforesaid, the defendant agree-
ing *at said time to take said lease at said sum*, and did so take
it and exercise ownership over it, operating and mining it as
aforesaid, and that this closed the transaction between plain-
tiffs and the defendants after the purchase and sale of said lease,
except payment of the purchase price aforesaid to be thereafter
paid within a period of sixty days from the 31st day of Decem-
ber, 1899."

We submit that under these allegations the demurrer to the
petition was properly overruled; that the instructions of the
court clearly define the law; that the evidence shows that the

defendants did accept the lease, mine the property and exercise ownership therefor, and promised to pay the money and so did not decline to take it; and we contend that having taken possession of the property under their contract and promise to pay for it, they are bound thereby.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

In November, 1899, the appellees, J. T. Lanham, E. L. Lanham, and H. C. Truitt, executed and delivered to the appellants, W. J. McConathy and W. E. Burke, the following writing: "This contract witnesseth that: Whereas J. T. Lanham holds a lease of mineral rights in the lands owned by the Page and Krausce Mining and Manufacturing Company of St. Louis, Missouri, lying in Crittenden county, Kentucky, and, whereas, he has sold one-fourth undivided interest in said mineral lease to T. J. Carter, and one-fourth interest to E. L. Lanham, and one-fourth interest to H. C. Truitt, now we, the said J. T. Lanham, E. L. Lanham and H. C. Truitt, each bargains and sells to W. J. McConathy and W. E. Burke, both of Louisville, Kentucky, our undivided rights in said lease for and in consideration of the sum of $200.00 each, to be paid on or before the 31st day of December, 1899. It is further agreed that if the consideration herein named is not paid on or before the 31st of December, 1899, this contract of sale shall be null and void. This —— day of November, 1899, in Marion, Crittenden county, Kentucky. J. T. Lanham. E. L. Lanham. H. C. Truitt." On the 9th of July, appellees sued the appellants on this contract, and alleged that while they had a right to cancel the contract because the $600 was not paid, as stipulated, on the 31st day of December, 1899, they had not done so, because at the defendant's request that their option should be extended until the following April they had agreed thereto, and that subsequent to the 31st day of December the defendants, in

recognition of their liability under the agreement, had prom-
ised to pay the $600. A general demurrer was sustained to
the petition. Appellees then filed an amended peti-
tion, in which they allege, in substance, that before
the 31st day of December, 1899, at the special instance and
request of the defendant, the contract of lease was extended,
and they were given sixty days longer to pay the consideration
therefor; that the defendants thereafter took possession of
the leased property, and operated a mine thereon. The de-
fendants demurred to the petition as amended, which was
overruled. They then filed an answer in which they pleaded
that the writing sued on was a mere option, which became
void, under its express terms, by failure on their part to pay
the contract price of $600 on or before the 31st of December,
1899. They also deny that either before or after the 31st
day of December, 1899, they made a new verbal contract with
the plaintiff by which they agreed that the written option
should be extended, and that they should have sixty days
from the 31st of December to pay the contract price, or that
they had ever taken possession of the premises under either
contract, or operated a mine thereon. A trial before a jury
resulted in a verdict for the $600 sued for.

Upon this appeal, appellants ask a reversal on two grounds:
First, because the court erred in overruling their demurrer
to the petition as amended; and, second, because the circuit
judge refused, upon their motion, to direct the jury to find
a verdict in their favor. The contract expressly stipulates
that if the $600 is not paid on or before the 31st day of
December, 1899, it should thereafter be null and void. It
seems clear that after the 31st of December, 1899, appellants
could not have required the appellees to have accepted a
tender of the $600, for the reason that their right to do
so under the contract had terminated. We think there can

be no doubt that the writing is a mere option which the appellants could have accepted at any time before the 31st day of December by the payment of the $600, but that by their failure to comply with this requirement the option terminated. In Litz v. Gossling, 93 Ky., 185, 14 R., 91, 19 S. W., 527, the writing was very similar to that in this case and it was adjudged to be a mere option, and specific performance was refused. In Stembridge v. Stembridge's Adm'r., 87 Ky., 91, 9 R., 948, 7 S. W., 611, it was held that "where A. agrees to convey to B. upon condition that B. exercises his option to do a particular thing at a specified time, but the contract imposes no obligation upon B. to do the specified thing, no interest passes to B. unless he complies with his agreement."

The question then arises whether the alleged parol agreement by which appellants were given sixty days from the 31st of December, 1899, to pay for and take possession of the leased property, constitutes an enforceable obligation. Appellants claim that, as the original option was in writing, the subsequent verbal agreement substituting a different day for the payment of the consideration continued the writing in force, or, in other words, it was competent for the parties to a contract required by statute to be in writing to modify and change its terms of payment by a subsequent verbal agreement of the parties thereto, and that the effect of such agreement was to continue in force such contract. While the question is not free from difficulty, we think the great weight of authority is to the effect that a written contract, within the statute of frauds, can not be modified by a subsequent agreement between the parties, unless such new agreement is also in writing. See Emerson v. Slater, 22 How., 28, 16 L. Ed., 360; Swain v. Seamens, 9 Wall., 254, 19 L. Ed., 554; Chitty on Contracts (11th Am. Ed.) 154;

Bishop on Contracts, 771; Fry on Specific Performance (3d Am. Ed.) 777. But the contention of appellees in this case goes farther than the mere changing of a written contract by a subsequent verbal agreement. If we understand correctly their contention, it is that a contract which the statute requires to be in writing, and which by its terms expires on a particular day, was kept alive and extended by a verbal agrement of the parties thereto postponing the time for the payment of the consideration. Subsection 6 of section 470 of the Kentucky Statutes of 1899 provides "that no action shall be brought to charge any person upon any contract for the sale of real estate or any lease thereof for a longer term than one year," unless in writing. As the option of 1899 was for the sale of an interest in real estate, and was for a longer period than one year, it was necessary that it should be in writing, to bind the parties thereto. That contract died on the 31st of December by the failure of appellants to perform its conditions. The alleged verbal agreement subsequently entered into between the parties was also for the sale and purchase of an interest in real estate, and was also for a longer period than one year. In our opinion, the statute requires that this contract, also, should have been in writing, before it could be made the basis of a claim against the appellants; and the trial court erred in overruling appellants' demurrer to the amended petition, and also erred in refusing appellants' motion to give to the jury a peremptory instruction to find in their favor on this ground.

For reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.

Petition for rehearing by appellees overruled.