## Pope v. Myers, et al.

(Decided March 8, 1927.)

### Appeal from Harlan Circuit Court.

1. Frauds, Statute of—Contract for Sale of Land, to be Specifically Performed, Must Furnish Means of Identifying Land to Avoid Statute.—Under statute of frauds, where specific performance of contract is sought, contract or memorandum of sale of land must itself furnish the means of identifying land without resorting to outside proof.

2. Frauds, Statute of—If Contract for Sale of Land Identifies Land with Certainty, Boundary May be Supplied by Oral Testimony.— If description given in contract for sale of land identifies the land with certainty, the boundary may be supplied by oral testimony without violating statute.

3. Frauds, Statute of—Description of Land in Memorandum of Sale Held Insufficient to Satisfy Statute, and Hence Contract was Not Specifically Enforceable.—Description of land in memorandum of sale as, "land lying in Harlan county, Kentucky, on Fork ridge of Catrons creek so as to reach the Jane Dean's line and being on northeast side of Catrons creek," held insufficient to identify the land so as to take contract out of statute; and hence not to be specifically enforceable.

4. Frauds, Statute of—Question Whether Contract for Sale of Land is Within Statute of Frauds May be Raised by Demurrer.—Ques-

tion of whether contract for sale of land falls within statute of frauds may be raised by demurrer.

J. S. FORESTER for appellant.

SAMPSON & SAMPSON for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

On the 11th day of March, 1925, the appellant, J. W. Pope, entered into a contract with the appellees, Frank Myers and Naomi Myers, husband and wife, which is in words and figures as follows, to-wit:

"This agreement made and entered into by and between John W. Pope, party of first part and Pansy and Frank Myers and Naomi Myers his wife, parties of the second part of Pansy Kentucky.

"Witnesseth: That the party of the first part for and in consideration of $2,000.00 payable thirty days after settlement of C. B. Pope's estate hereby agrees to sell and convey unto the parties of the second part the following tract of land lying in Harlan county, Kentucky, on Fork ridge of Catrons creek (with the exceptions of the Slaters fork pieces now under fence by John W. Pope) so as to reach the Jane Dean's line and being on north-east side of Catron creek.

"Given under our hands this the 11th day of March, 1925.

"J. W. POPE.
"F. P. MYERS."

Pope refused to execute a deed pursuant to the contract, and when appellees instituted suit against him for the specific performance of the contract he defended on a number of grounds. The petition sets out by metes and bounds a description of a tract of land and alleges that the description so set out is the same as that set out in the contract above quoted. That may be true, but a casual look at the description in the contract and the description set out in the petition will show that one will never be recognized as identical with the other.

The appellant demurred to the petition, and the court overruled the demurrer, and he excepted and thereafter filed an answer. The issues were made up by the pleadings, and proof was taken sufficient at least to make a large record. A number of questions were raised but one

of them only will be considered in this opinion, as it is conclusive of the rights of the parties. If the description of the land given in the contract is not sufficient to take the case out of the statute of frauds it will follow that appellees could not enforce the performance of the contract. In such cases, where a specific performance of a contract is sought, the contract or memorandum of agreement must itself furnish the means of identifying the land, and if the description in the contract is not sufficient to identify the land without resorting to outside proof the contract falls within the statute of frauds. There are a number of cases holding that parol proof may be introduced where the description given in the contract is sufficient to identify the lands sold but gives no sufficient description to identify the boundary. If the description given identifies the land with certainty the boundary may be supplied by oral testimony. Such is the rule in cases where the party agreeing to make the conveyance describes the land as "his" land at some certain definite point, or as his "home place," or by giving the name of the particular farm, well known and recognized. The contract under consideration does not bring it within the rule announced in such cases. Clearly this contract falls within the rule announced in the case of McCulloch v. McCombs Producing and Refining Co., 191 Ky. 519, and the case of Price v. Hays, 144 Ky. 535.

This means that appellees could not maintain their action for a specific performance of the contract because the writing was not sufficient to take it out of the statute of frauds; but it is insisted that the statute of frauds was not pleaded by the appellant and that the sufficiency of the petition could not be raised by demurrer. The question of whether the contract falls within the statute of frauds may be raised by demurrer. In the case of Smith v. Theobald, 86 Ky. 141, the court said:

"It is also well settled by this court, that where the plaintiff's petition expressly discloses a verbal contract, which the statute of frauds requires to be in writing and signed by the defendant, in order to charge him, or the petition is silent as to whether or not the contract was in writing and signed by the defendant, such a petition is defective, and the defect may be reached by demurrer; or if judgment is rendered on the petition by default, this court will reverse it."

In the case of Boone v. Coe, 153 Ky. 233, the court said:

"If the statute requires the contract to be in writing, and the petition does not allege it to be in writing, defense may be presented by demurrer."

To the same effect are the cases of Bull v. McCrea, 47 Ky. 422; Smith v. Fah, 54 Ky. 442.

The lower court should have sustained the demurrer to the petition and dismissed it.

If appellees are entitled to relief by reason of any fraud practiced by appellant in obtaining their signature to the agreement for a division of the real estate belonging to C. B. Pope, if there was any fraud, they can find a remedy, but they cannot have a specific preformance of the terms of this contract unless it might be so reformed through proper proceedings as to show a sufficient description to take it out of the statute of frauds.

It is unnecessary to pass on any other question raised in this record. The petition of appellees will have to be dismissed.

Judgment is reversed and remanded for proceedings consistent with this opinion.