## Combs et al. v. Jett.

Nov. 14, 1944.

A. H. Patton for appellants.

Williams & Allen for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Granville Spencer died intestate in 1938. During his lifetime he executed a mortgage on a tract of land in Breathitt county to secure a debt to G. B. Stamper, and in an action to enforce the mortgage the land was sold pursuant to a judgment of the Breathitt circuit court. A. J. Creech became the purchaser at the price of $130, and on March 31, 1934, the master commissioner

conveyed the land to him. On January 5, 1935, Granville Spencer and A. J. Creech entered into a written contract whereby Creech agreed to convey the land to Spencer within thirty days thereafter upon the payment to Creech of $130. On February 5, 1935, Creech and his wife conveyed the land to Zeke Jett for a cash consideration of $130. Jett was a nephew of Granville Spencer. On December 7, 1939, the children of Granville Spencer brought this action to have the deed from A. J. Creech to Zeke Jett declared a mortgage and to require Jett to convey the land to them. They alleged that at the time the deed was executed Jett agreed to convey the land to Granville Spencer upon the payment to him of $130, with interest thereon; that shortly thereafter Jett collected from Breathitt county $173 for a right of way through the tract of land for a state highway, and they asked that he be required to pay to them the amount collected by him in excess of $130. On submission of the case the chancellor adjudged that the plaintiffs were not entitled to the relief sought, and dismissed the petition.

The attorney who prepared the deed from A. J. Creech and wife to Zeke Jett testified that it was his understanding there was some sort of an agreement between Jett and Granville Spencer concerning the transaction. On this point he testified as follows:

"The general effect, as I got it, was, that when Granville paid Zeke his money and interest, he would get title to his land. That was the general purpose of the whole transaction, Granville was borrowing the money to redeem his land. * * * I can't say that any statement was made about the re-conveyance of the land; but I have given you the surrounding facts, and my understanding of all that occurred."

The agreement, if any, was not reduced to writing. George W. Little, a former county judge of Breathitt county, testified that during his term of office a right of way for a state highway through the Granville Spencer land was obtained by the county, and his recollection was that the amount agreed upon was paid to Zeke Jett. He did not remember the amount. Jett denied that he received any sum from Breathitt county for the right of way or that he agreed to convey the land to Granville Spencer upon the payment to him of $130 or any other amount.

The deed from A. J. Creech to Jett is absolute on its face. In order to have such a deed declared a mortgage, the relation of debtor and creditor must exist between the grantee and the one who seeks to have it declared a mortgage. Spicer v. Elmore 292 Ky. 144, 166 S. W. 2d 276, 277. Spencer was not indebted to Jett prior to the execution of the deed, and the evidence fails to show any agreement enforceable by the latter. At most, the alleged agreement was an option to purchase. Under a somewhat similar state of facts, the court said in Spicer v. Elmore, supra, where the agreement was in writing:

"In the case before us the relation of debtor and creditor is clearly nonexistent. By the terms of the contract between the parties appellants were merely given an option to pay the money and receive a conveyance of the property. Nothing in the contract bound them to pay. Were the situation reversed and appellee seeking judgment for the purchase money paid out by her, we would clearly be called on to hold that no obligation of payment was contained in the contract or to be implied in the circumstances."

Furthermore, the contract on which appellants rely is clearly within the statute of frauds, and the demurrer to the petition should have been sustained. The question as to whether a contract for the sale of lands is within the statute of frauds may be raised by demurrer. Gibson v. Crawford, 247 Ky. 228, 56 S. W. 2d 985; Pope v. Myers, 218 Ky. 731, 292 S. W. 318.

The judgment is affirmed.