## Jessee et al. v. Jessee et al.

June 7, 1949.

W. H. Counts and Thomas D. Theobald, Jr. for appellants.

H. R. Wilhoit for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This case involves the title to a 30-acre tract of land in Carter County. The appeal is from a judgment adverse to the claims of the appellants, plaintiffs below.

In March, 1915, John Jessee conveyed the land in dispute to his wife, Eliza Jessee. In 1916, Eliza Jessee conveyed the land to her son, J. W. Jessee, reserving to herself a life estate. John Jessee (who died in 1919) signed the 1916 deed, but his name was not mentioned in the body of the instrument. Eliza Jessee died in 1944. There is proof showing that Mrs. Jessee lived on the land until 1932, when she moved to the home of J. W. Jessee. In 1943, one year before the death of his mother, J. W. Jessee conveyed the land to the appellee, Eula Erwin Scott. That deed made no reference to the life interest reserved to Eliza Jessee in 1916. In 1945, the appellants, the heirs of Eliza Jessee other than J. W. Jessee, instituted this action wherein they set up a claim to an interest in the property.

In his first pleadings, J. W. Jessee set up claims to the property under his deed. He alleged he had made substantial improvements thereon and that a part of the consideration for the conveyance was that he was to care for his parents during their lives. Subsequently, J. W. Jessee made claims to the property by virtue of adverse possession. Mrs. Scott also set up a claim to the property by virtue of adverse possession.

The appeal is based upon the contentions that (1) the deed from Eliza Jessee to J. W. Jessee was void; (2) J. W. Jessee should be required to abide by the statements in his pleadings and since he admitted in some of

them that the acts of ownership exercised by him were at the request and with the permission of his mother, he should not be permitted to set up the claim of adverse possession; and (3) Jessee made no actual physical entry of hostile character which would ripen into title by virtue of adverse possession, because actual possession of the property was retained by his mother and any possession or control he exercised over the property was with her consent.

The point is well made that the deed from Eliza Jessee to J. W. Jessee was void, under the law in existence at the time of the conveyance. As held in the case of Farley v. Stacey, 177 Ky. 109, 197 S. W. 636, 1 A. L. R. 1181, the deed of a married woman in which the husband did not join was void, and the fact that the husband signed or acknowledged the deed in the body of which his name did not appear was not sufficient.

J. W. Jessee testified that, immediately after the execution of the deed in 1916, he entered upon the land and claimed and operated it as his own, and that no one made any adverse claim to his ownership. Other witnesses testified to the same effect. It is virtually undisputed that Jessee exercised complete control of the property. He made improvements, paid taxes, executed leases and performed other acts incidental to ownership. There is some testimony in support of the appellants' contention that Mrs. Jessee claimed her son's ownership of the property was subject to her right to maintain a home there. Mrs. Jessee was well advanced in years when her son conveyed the property to Mrs. Scott in 1943, but neither she nor any of the other heirs questioned the conveyance. It was shown also that some of the things done at the request of Mrs. Jessee were done in consideration for the original conveyance under which Jessee was to provide for and support his parents. We believe the proof supports the conclusion that there was an actual entry and holding on the part of J. W. Jessee which would ripen into title.

In the case of Foust v. Hill, 215 Ky. 364, 285 S. W. 235, it was pointed out that adverse possession may run against a grantor under a void deed or against a donor under a verbal gift of land where the grantee or donee, as the case may be, actually holds the land as his own.

Such a holding may ripen into title even where the grantor or donor continues to reside on the property.

For the reasons given we think the judgment should be and it is affirmed.