Raymond RHORER, Appellant,

v.

Thomas RHORER'S EXECUTOR (C. A. Thornton), et al., Appellees.

Court of Appeals of Kentucky.

Nov. 12, 1954.

Lena M. Craig, J. A. Edge, Lexington, for appellant.

Moloney, Moloney & Hurst, Lexington, for appellees.

SIMS, Justice.

Appellant, Raymond Rhorer, instituted this action against the executor and devisees of Thomas Rhorer, deceased, to have the court direct a conveyance to him of a house and lot on Gazette Avenue in Lexington, which the petition as amended averred deceased purchased for and agreed to convey appellant. The answer as amended, after admitting the formal averments of appellant's pleading, denied the material averments thereof and then pleaded that the agreement upon which appellant relies was an oral agreement for the conveyance of real estate and was within the Statute of Frauds and void. KRS 371.010(6).

After appellant completed the taking of his depositions, appellees moved for a summary judgment, which motion was sustained and appellant's petition dismissed. In seeking to reverse the judgment appellant argues: 1. the record presented an issue of fact which should have been tried; 2. it was error upon the part of the court to fail to make findings of fact and conclusions of law.

The record shows appellant and Thomas Rhorer were halfbrothers; that appellant had lived in the property in controversy since 1910 and was paying $15 per month for it; that in 1935 Thomas bought it, after which time appellant paid him $20 per month until Thomas' death, and then he paid the executor $20 per month until this suit was filed; that the receipts given appellant by the executor showed these pay-

ments were for rent; that appellant only paid city taxes on the property for three years and never paid any state or county taxes thereon.

It seems to be appellant's contention Thomas gave him the property in 1935 and that he has been in adverse possession of it for more than fifteen years prior to bringing this action on July 8, 1952. Also, he argues that Thomas orally agreed to sell the property to him and to let him pay for it by the month.

It strikes us, as it must have the trial judge, that the theory of a gift is refuted by appellant paying $20 per month to Thomas for a long number of years, which must have been either rent or else installments on the purchase price. While appellant could have acquired the property by fifteen years' adverse possession by actually holding it as his own under a parol gift, Jessee v. Jessee, 310 Ky. 565, 221 S.W.2d 462, yet he could not hold it adversely under an executory contract of sale until he had performed the conditions thereof, or repudiated the vendor's title. Creech v. Creech, 186 Ky. 149, 216 S.W. 127. It is provided in KRS 371.010(6) that no action shall be brought upon an oral contract for the sale of real estate, and we have held an oral agreement by the purchaser that he was buying the property for a third party, and would convey same to him when the purchase price was paid, is within the statute and unenforcible. Combs v. Jett, 299 Ky. 17, 183 S.W.2d 826.

There is no merit in appellant's contention that there was an issue of fact to try and it was error to sustain the motion for summary judgment. After appellant took his depositions, appellees moved for a summary judgment on the ground appellant had not made a case. This motion in effect was a demurrer to the evidence and the court properly sustained it, as the evidence did not show a gift under which appellant could have acquired the property by adverse possession; nor did the evidence show an enforcible contract of sale.

The last sentence in Civil Rule 52.01 expressly says findings of fact and conclusions of law are unnecessary on a decision of a motion for summary judgment.

The judgment is affirmed.