Forest WILSON et al., Appellants,

v.

George H. HOFFMAN et al., Appellees.

Court of Appeals of Kentucky.

Feb. 1, 1957.

Jack A. Connor, Humphreys Jones, Beard & Connor, Owensboro, for appellants.

Will G. Craig, King & Craig, Henderson, for appellees.

CLAY, Commissioner.

In this suit to quiet title to three acres of ground plaintiffs' complaint was dismissed on the ground they had failed to state a claim upon which relief could be granted.

The basis of the claim was a parol agreement made by Pearl Howard (nee Medcalf) to convey the land to plaintiffs, later supplemented by a writing. Subsequent to the execution of this writing, Pearl Howard conveyed interests in the land to defendants.

By answer defendants' first defense (presented in the form of a motion to dismiss) was that the complaint failed to state a claim upon which relief could be granted. This defense was sustained on the ground that the writing executed by Pearl Howard was not an enforceable contract within the statute of frauds, and even though defendants had notice thereof they took title under their subsequent recorded conveyances.

Plaintiffs' first contention is that the court improperly considered the question of the statute of frauds because this defense was not affirmatively pleaded as required by CR 8.03. The motion to dismiss for failure to state a claim takes the place of the general demurrer formerly recognized in the Civil Code of Practice, although it is not precisely the same procedural device. See Clay, CR 12.02, Comment 7. Insofar as it affects our present question, we are of the opinion that the motion to dismiss serves the same purpose as the general demurrer.

It was decided under the Civil Code of Practice that a demurrer should be sustained when the petition shows the contract

relied upon is clearly within the inhibition of the statute of frauds. Combs v. Jett, 299 Ky. 17, 183 S.W.2d 826. In Federal decisions construing Federal Civil Rules 8(c) and 12(b), 28 U.S.C.A., which are the same as our Rules 8.03 and 12.02, it has likewise been held that the question of the statute of frauds may be raised on a motion to dismiss if the defect appears on the face of the complaint. Kahn v. Cecelia Co., D.C., 40 F.Supp. 878; Continental Collieries v. Shober, 3 Cir., 130 F.2d 631.

In the present case plaintiffs' claim was based upon the transfer of title to real estate, allegedly effected by a parol agreement and a brief memorandum in writing. Since the very basis of the claim is a valid and enforceable contract to convey, if the complaint clearly shows this contract to be insufficient in law, then no valid claim has been stated. While the defense of the statute of frauds, as a defense, should be pleaded affirmatively in defendant's answer, CR 8.03, it may be raised alternately on the motion to dismiss as a fatal deficiency in the plaintiff's claim if it is apparent on the face of the complaint.

The memorandum constituting a contract to convey, upon which plaintiffs rely, is as follows:

"Oct. 10—1950
"Received of Forrest Wilson
"$75.00 on 3 acres of ground
             "Signed
                      "Pearl Medcalf"

KRS 371.010 provides that no action may be brought upon a contract for the sale of real estate (subsection 6) unless the contract or some memorandum thereof be in writing and signed by the party to be charged. It is fundamental that such memorandum must contain a description of the property involved sufficient to render it capable of identification. 49 Am.Jur., Statute of Frauds, Section 321. See also Section 347.

The case of Hall v. Cotton, 167 Ky. 464, 180 S.W. 779, L.R.A.1916C, 1124, presented a situation very similar to the one we have here. There it was held that the description "their farm of fifty-three and thirteen-sixteenths acres" was not sufficient to satisfy the statute of frauds. In the course of the opinion, this rule was laid down, 180 S.W. 781:

"* * * when the description contained in the writing, either by reference to a water course, or a town, or some well-known local object, or to a former conveyance of record, so identifies the property, which is the subject-matter of the contract, that it may be designated or pointed out in parol testimony by reason of such reference in the writing to such stream, town, conveyance, or well-known object, then parol testimony is competent for that purpose, but * * * when the description in the writing has no such reference, and it is necessary to resort to parol testimony to *identify* the subject-matter of the contract, as distinguished from a *designation* of it, then parol evidence is incompetent, and the writing will be held insufficient to satisfy the demands of the statute."

The description before us is even more indefinite than that held insufficient in the foregoing case. See also Duteil v. Mullins, 192 Ky. 616, 234 S.W. 192, 20 A.L.R. 361.

Since plaintiffs' complaint, on its face, clearly showed the alleged contract which constituted the basis of their claim was not an enforceable one, the trial court properly dismissed it.

The judgment is affirmed.