**Taulbee McGUIRE, Appellant,**

v.

**Frances OWENS et al., Appellees.**

Court of Appeals of Kentucky.

March 29, 1957.

Joe Hobson, Prestonsburg, for appellant.

C. Kilmer Combs, Combs & Combs, J. B. Clarke, Prestonsburg, for appellees.

CULLEN, Commissioner.

Taulbee McGuire, defendant below, appeals from a judgment settling the estate of his wife Lottie McGuire. On this appeal he contends: (1) The court erred in failing to adjudge him the sole owner of lots 86 and 87 on the evidence of a validly executed prior deed; (2) the appellant and Lottie McGuire should have been adjudged owners of lots 48, 49, 50 and 51 by virtue of adverse possession for the statutory period; and (3) the award of $200 to the appellees as their share of the rents from property owned jointly by the appellant and decedent was excessive and was not supported by the evidence.

The appellees, Frances Owens, John Reynolds and Ernest Reynolds, sister and brothers of the decedent, on cross-appeal contend the court erred (1) in adjudging that Frances Owens acted in the capacity of a volunteer in the payment of debts, taxes and funeral expenses of the decedent, and (2) in ordering lands divisible in kind to be sold.

The decedent, Lottie McGuire, possessed several tracts of realty consisting of one 10-acre tract of farm land and several town lots. A portion of the latter she owned in fee simple and in the remainder she had an undivided one-half interest.

Among the properties claimed by the appellant Taulbee McGuire are lots 86 and 87 on which was constructed the dwelling in which the appellant and his wife resided at the time of her death. A deed to these lots, dated in 1924, named the wife as sole grantee. The testimony of the appellant, corroborated by the testimony of Everett Hall, the grantor, and James Damron, who arranged for the sale of the property to the appellant, shows the existence of a prior deed in which the appellant was named sole grantee. This deed, valid in all respects, had been executed and delivered but subsequently destroyed by the decedent Lottie McGuire. The grantor, at the request of the decedent, executed the second deed naming her as the sole grantee.

■ In view of the execution and delivery of the prior deed, the subsequent conveyance by the grantor was a nullity. Austin v. Moore, 188 Ky. 832, 224 S.W. 467; Bates v. Hall, 305 Ky. 467, 204 S.W. 2d 487.

■ The trial court found that the prior deed existed, but that the deed was made to Taulbee McGuire and Lottie McGuire jointly. The evidence does not support the latter finding. The testimony of the appellant, the grantor and the intermediary shows convincingly that the deed was to Taulbee alone. Accordingly, the court should have adjudged that the appellant had sole title to lots 86 and 87.

In 1927 the appellee, Frances Owens, agreed to sell lots 48, 49, 50 and 51 to the decedent for $1,000. One-half the purchase price was paid the appellee, with the execution and delivery of the deed to be postponed until the remaining consideration was paid. Record title at all times remained in the name of Frances Owens. The appellee gave possession of the property to the decedent and agreed to let her retain the rents. After the death of Lottie McGuire the appellant Taulbee McGuire remained in possession of the property and there is evidence of his making repairs and improvements on the four lots. However,

the balance of the consideration never was paid. The trial court found that Taulbee McGuire and Lottie McGuire had not obtained title to these lots by adverse possession.

It is the general rule that a vendee under an executory contract of sale cannot hold the property adversely to the vendor until he has performed the conditions of the contract or repudiated the vendor's title. Rhorer v. Rhorer's Ex'r, Ky., 272 S.W.2d 801. There is no evidence that the deceased or Taulbee ever expressly repudiated the contract. There was evidence that the deceased once told a neighbor that she owned the lots, but this was much less than 15 years before action was brought. The contention of the appellant on this ground has no merit.

The appellant after the death of his wife continued to rent and collect rents from all property owned solely or jointly by the decedent. He testified that during the five years prior to the date of this action the rents collected, in which the heirs would have an interest, would not exceed the sum of $200. The testimony of former tenants indicates the monthly rent paid varied from $10 to $20 per month, but that the houses were vacant about one-half of this time. The reasonable rental value of the property was estimated to be $10 per month. The trial court determined that the total rentals would amount to $600, and awarded $200 to the heirs as their share. We think the finding and award were justified.

Immediately following the death of Lottie McGuire the appellee, Frances Owens, paid all debts of the decedent with the exception of one promissory note later paid by the executor. Funeral expenses in the amount of $700 also were paid by her as well as taxes upon a portion of the property. There is no evidence that a demand or request for payment of the indebtedness had been made. The court refused to allow Mrs. Owens' claim against the estate of the decedent for the amounts paid, considering them to be voluntary payments.

Mrs. Owens concedes the general rule which precludes recovery by a volunteer, but maintains that she was not a volunteer, under the line of cases holding that a person who confers a benefit under circumstances making such action necessary to emancipate the person or property from an actual and existing duress, is not acting in the capacity of a volunteer. See Quin v. Quin, Ky., 259 S.W.2d 23, 25. However, the evidence does not show anything in the nature of a situation of duress. A search of the record fails to reveal any demand by the creditors for payment of debts incurred by the decedent. The estate was solvent and contained ample property to meet all existing obligations. The evidence indicates that there was no compulsion upon Mrs. Owens to make the payments; therefore she must be considered as a mere volunteer.

The trial court in its final judgment ordered the sale of lands composed of 11 lots and a 10-acre tract of farm land, all owned by the decedent in fee simple, and 9 other lots in which decedent had a one-half undivided interest. Our holding that Taulbee McGuire is sole owner of lots 86 and 87 will of course remove those lots from the group to be sold.

A partition in kind may be had where the property can be divided without materially impairing the value of the shares of the parties. Rader v. Schock, 311 Ky. 885, 226 S.W.2d 1. But the character and location of the property may be such as to create a presumption against divisibility in kind. Bell v. Smith, 71 S.W. 433, 24 Ky.Law Rep. 1328. Although the appellees in their brief assert the divisibility of the land, the record is most unsatisfactory in respect to a showing of the nature, location and value of the various parcels. Under the state of the record we cannot say that the trial court erred in ordering a sale.

To the extent that the judgment holds that Taulbee McGuire has only a half interest in lots 86 and 87 it is reversed, with directions to enter judgment awarding full title to him; in all other respects the judgment is affirmed.